No. 23-15602

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, ET AL.,
*Plaintiffs-Appellees*

v.

DOUGLAS MOYLAN,
*Defendant-Appellant*

v.

LOURDES LEON GUERRERO,
*Defendants-Appellees.*

On Appeal from the United States District Court for the
District of Guam, No. 1:90-cv-13 (Tydingco-Gatewood, J.)

## UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND BRIEFING SCHEDULE

Douglas B. Moylan
Attorney General of Guam
OFFICE OF THE ATTORNEY GENERAL
OF GUAM
590 S. Marine Corps Drive
Suite 901
Tamuning, GU 96913
(671) 475-3324
dbmoylan@oagguam.org

Tyler R. Green
CONSOVOY MCCARTHY PLLC
222 S. Main Street
5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Gilbert C. Dickey
Kathleen L. Smithgall
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
katie@consovoymccarthy.com

December 1, 2023

*Counsel for Defendant-Appellant*

Appellant Douglas Moylan, the Attorney General of Guam, respectfully moves this Court to hold this appeal in abeyance and to suspend the briefing schedule pending the United States Supreme Court's decision on the Attorney General's forthcoming petition for a writ of certiorari in *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, CRQ23-001 (Guam Oct. 31, 2023). Appellant contacted counsel for Appellees. Plaintiffs-Appellees stated they do not oppose the motion. The Governor of Guam and the Guam Memorial Hospital did not respond with their position by the time of filing.

## BACKGROUND

The Attorney General submitted an opening brief in this appeal on August 28, 2023 (ECF 15), and Appellees submitted their responsive briefs on October 27, 2023 (ECF 25, 27), and October 28, 2023 (ECF 33). The Attorney General's reply brief is currently due on December 15, 2023. But given significant intervening procedural developments, this Court should hold the appeal in abeyance and suspend the Attorney General's reply brief deadline.

Specifically, on October 31, 2023, the Guam Supreme Court issued a decision in *Leon Guerrero* holding that Public Law 20-134 has been impliedly repealed. On November 6, 2023, Appellees submitted a Rule 28(j) letter to this Court, in which they state that the subject of this appeal—the Attorney General's Rule 60(b)(5) motion to vacate the district court's 1990 permanent injunction of P.L. 20-134—"is moot, and the instant appeal should be dismissed." ECF 38 at 1. Appellees further contend that the

*Leon Guerrero* decision is "unappealable." *Id.* But that is incorrect, and the Attorney General is in the process of preparing a petition for a writ of certiorari to the United States Supreme Court to review the Guam Supreme Court's decision in *Leon Guerrero.*

## ARGUMENT

This Court should hold this appeal in abeyance pending the resolution of Attorney General's petition for a writ of certiorari. Abeyance is the proper course here because of this case's procedural history. Abeyance will not only preserve the status quo but also will conserve the resources of the parties and this Court. Whether the Supreme Court grants or denies the certiorari petition in *Leon Guerrero*, its disposition will necessarily affect what issues remain in this Court for the parties to address and for this Court to decide.

### I.  THIS APPEAL AND *LEON GUERRERO* ARE INEXTRICABLY INTERTWINED.

This Court routinely holds appeals in abeyance when a petition for writ of certiorari is pending before the United States Supreme Court in a case that could affect the decisional process for the appeal pending here. *See, e.g.*, *United States v. George*, 672 F.3d 1126 (9th Cir. 2012) (Mem.); *United States v. Stern*, 14-35303, ECF 3 (9th Cir. Oct. 27, 2014); *see also* 2016 WL 11773999, at *1 (9th Cir. May 20, 2016) (lifting hold for abeyance after the Supreme Court denied the petition for writ of certiorari in the case presenting issues similar); *see also Saylor v. Brewer*, No. 15-2469, 2017 WL 5712667, at *1 (6th Cir. Sept. 7, 2017). This Court has similarly held proceedings in abeyance *after* the Supreme Court grants a petition, giving the Supreme Court the first opportunity to

2

address the similar issues in full before proceeding with an appeal in this Court. *See, e.g., United States v. Begay*, No. 14-10080, 2019 WL 7900329, at *1 (9th Cir. Dec. 5, 2019).

Here, the issues raised in the *Leon Guerrero* case from the Guam Supreme Court are not just similar to the issues pending here—according to Appellees, the issues are entirely dispositive of this appeal. *See* ECF 38 at 1 (stating the Guam Supreme Court's decision "is dispositive as to whether [P.L. 20-134] still exists" and arguing "the instant appeal should be dismissed"). As noted, this appeal seeks review of the district court's order denying the Attorney General's Rule 60(b)(5) motion to vacate the 1990 permanent injunction of P.L. 20-134 in light of *Dobbs*. After the Attorney General moved the district court below to lift that injunction, the Governor sought a declaratory judgment from the Guam Supreme Court about whether P.L. 20-134—the very law at issue in this litigation—was an *ultra vires* act or whether the law had been impliedly repealed by later legislation. 2-ER-228-229. The Guam Supreme Court accepted jurisdiction over the Governor's request.

On October 31, 2023, shortly after Appellees filed their response briefs in this Court, the Guam Supreme Court issued an opinion holding that P.L. 20-134 had been "impliedly repealed by the Guam Legislature and no longer possesses any force or effect in Guam." ECF 38 at 7. If the Guam Supreme Court's decision stands, then the injunction that formed the basis of this appeal will no longer be in place. Appellees have since submitted a notice of supplemental authority under Rule 28(j) in which they

3

request that this Court dismiss the entire appeal on mootness grounds. According to Appellees, the Guam Supreme Court's decision is "dispositive." *See* ECF 38 at 1.

Whatever else might be said right now about the Guam Supreme Court's decision, it remains subject to potential review by the United States Supreme Court. The Attorney General is preparing and intends to file a petition for a writ of certiorari with the U.S. Supreme Court seeking review of that decision. And the Supreme Court's disposition of that petition will necessarily affect how this appeal should proceed. If the Court grants review in *Leon Guerrero* and reverses, then the issue Appellant has raised and briefed (whether the district court abused its discretion by denying the Attorney General's Rule 60(b) motion) will remain live and ripe for this Court's review in the ordinary course. But if the Court denies certiorari, or grants the petition but affirms, the parties to this appeal will need to address—and this Court will need to decide—not only whether the *Leon Guerrero* decision moots this appeal but also what a finding of mootness means for the original 1990 injunction. *See, e.g.*, *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995) ("In the decades since *Munsingwear*, we have treated automatic vacatur as the 'established practice,' applying whenever mootness prevents appellate review."); *id.* at 1373 (Fernandez, J., concurring) ("I think it would be the rarest of rare cases when an injunction could continue in full force and effect even though the matter had become moot."). Because *Leon Guerrero*'s resolution at the U.S. Supreme Court will necessarily affect how this appeal proceeds, this Court should hold this case in abeyance

4

and suspend the current briefing schedule until the U.S. Supreme Court disposes of the Attorney General's certiorari petition.

## II. OTHER EQUITABLE FACTORS WEIGH IN FAVOR OF HOLDING THIS APPEAL IN ABEYANCE.

While the Attorney General has not yet filed a petition for writ of certiorari, the timing of the present motion to hold the appeal in abeyance is nevertheless proper. Holding the case in abeyance now will conserve the resources of the parties and the Court and will not prejudice Appellees. First, the Ninth Circuit briefing has not yet concluded in this case. If this appeal is moot, as Appellees contend, then the Attorney General should not expend resources preparing a reply, and this Court should not expend resources resolving the appeal. But Appellees' mootness argument depends on the Guam Supreme Court's decision undergoing no further review. In short, these two cases are inextricably intertwined, and the next steps in this appeal depend on how the U.S. Supreme Court resolves the forthcoming petition in *Leon Guerrero*. Holding this appeal in abeyance will conserve judicial and party resources in the meantime.

Finally, holding this case in abeyance will not prejudice Appellees. Ultimately, Appellees seek to ensure that Guam cannot enforce P.L. 20-134. While the Guam Supreme Court's holding that P.L. 20-134 has been impliedly repealed remains in effect, that law cannot be enforced. And if that holding is reversed, the District of Guam's permanent injunction of that law remains in place pending further review by this Court.

## CONCLUSION

For these reasons, the Guam Attorney General respectfully requests that this Court hold this appeal in abeyance and suspend the briefing schedule pending the Supreme Court's resolution of the forthcoming petition for a writ of certiorari in *Leon Guerrero*. If this Court grants this motion, it should also order the parties to confer and submit a status report and proposed briefing schedule to this Court within 21 days after the U.S. Supreme Court's disposition of the petition for a writ of certiorari. But if this Court denies this motion, the Attorney General seeks an extension of time in which to file his reply brief, which is presently due December 15, 2023.

Dated: December 1, 2023            Respectfully submitted,

*/s/ Kathleen L. Smithgall*
Kathleen L. Smithgall
Gilbert Dickey
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
katie@consovoymccarthy.com
gilbert@consovoymccarthy.com

Tyler Green
CONSOVOY MCCARTHY PLLC
222 S. Main Street
5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

*Counsel for Defendant-Appellant*

6

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length limits permitted by Ninth Circuit Rule 32-1 because it contains 1440 words, excluding parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionately spaced typeface using Garamond 14-point font.

Dated: December 1, 2023 　　　　　　　　　　　　　 /s/ *Kathleen L. Smithgall*