No. 23-15602

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, ET AL.,
*Plaintiffs-Appellees*
v.
DOUGLAS MOYLAN,
*Defendant-Appellant*
v.
LOURDES LEON GUERRERO,
*Defendants-Appellees.*

On Appeal from the United States District Court for the
District of Guam, No. 1:90-cv-13 (Tydingco-Gatewood, J.)

## NOTICE OF RESOLUTION OF PENDING CERT PETITION AND REQUEST FOR BRIEFING SCHEDULE

Consistent with this Court's February 16, 2024, Order (ECF No. 53), Appellant notifies this Court that the Supreme Court of the United States denied Appellant's petition for a writ of certiorari in *Moylan v. Leon Guerrero*, No. 23-828, on October 7, 2024. Appellant now requests this Court lift the stay and order a briefing schedule that permits the parties to address new issues based on the intervening events.

Since Appellant filed his opening brief on August 29, 2023, and Appellees filed their respective response briefs on October 27, 2024, and October 28, 2024, several important developments occurred. First, the Guam Supreme Court issued a decision in *In Re Guerrero*, 2023 Guam 11, on October 31, 2023, holding that Public Law 20-134—the law at issue in this litigation—had been impliedly repealed. Second, counsel for

1

Appellees filed a 28j letter in this Court on November 6, 2023, asserting that the Guam Supreme Court's decision in *In re Guerrero* mooted the present appeal. ECF No. 38. Third, Appellant filed a cert petition seeking review of the *In re Guerrero* decision, which the Supreme Court of the United States denied last week. *See Moylan v. Leon Guerrero*, No. 23-828 (S. Ct.).

These intervening events have raised new issues that warrant full briefing before this Court. As an initial matter, the Guam Supreme Court lacked subject matter jurisdiction to issue its decision in *In Re Guerrero*, so its holding does not affect this present appeal before this Court as Appellees claim in their 28j letter. And even if the Guam Supreme Court's decision was correct in concluding that Public Law 20-134 was impliedly repealed, then this implied repeal is an additional change in the law that supports vacating the injunction under Rule 60(b). The parties need an opportunity to explain how the ground has shifted in this litigation and make arguments responsive to the new circumstances.

Accordingly, Appellant respectfully requests that this Court order a new briefing schedule that permits all parties to address these new issues and arguments in full. Appellant requests that this Court order Appellant to file a supplemental opening brief of no more than 9,000 words, Appellees to file a supplemental response brief of no more than 9,000 words, and Appellant to file an optional reply brief of no more than 4,500 words.

Appellant proposes the following schedule:

**Friday, December 6:** Appellant's Supplemental Opening Brief Due

**Friday, January 10:** Appellees' Supplemental Response Brief Due

**Friday, February 7:** Appellant's Optional Reply Brief Due

Respectfully submitted,

/s/ Tyler R. Green

| | |
|---|---|
| Douglas B. Moylan<br>Attorney General of Guam<br>OFFICE OF THE ATTORNEY GENERAL OF GUAM<br>590 S. Marine Corps Drive<br>Suite 901<br>Tamuning, GU 96913<br>(671) 475-3324<br>dbmoylan@oagguam.org | Tyler R. Green<br>CONSOVOY MCCARTHY PLLC<br>222 S. Main Street<br>5th Floor<br>Salt Lake City, UT 84101<br>(703) 243-9423<br>tyler@consovoymccarthy.com<br><br>Gilbert C. Dickey<br>Kathleen S. Lane<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Ste. 700<br>Arlington, VA 22209<br>(703) 243-9423<br>gilbert@consovoymccarthy.com<br>katie@consovoymccarthy.com |
| October 15, 2024 | *Counsel for Defendant-Appellant* |