NO. 23-15602
_____

# THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, *et al.*,
*Plaintiffs-Appellees,*

v.

DOUGLAS MOYLAN, in his official capacity as Attorney General of Guam,
*Defendant-Appellant,*

v.

LOURDES LEON GUERRERO, in her official capacity as Governor of Guam, *et al.*,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Guam, Case No. 1:90-CV-13
Hon. Frances Tydingco-Gatewood
_____

### RESPONSE TO APPELLANT'S NOTICE OF RESOLUTION OF PENDING CERT PETITION AND REQUEST FOR BRIEFING
_____

LESLIE A. TRAVIS
JEFFREY A. MOOTS
OFFICE OF THE GOVERNOR OF GUAM
RICHARD J. BORDALLO GOVERNOR'S COMPLEX
513 WEST MARINE CORPS DR.
HAGÅTÑA, GUAM 96910
TEL. +1-671-473-1118
leslie.travis@guam.gov
jeffrey.moots@guam.gov

*Counsel for Appellee*
LOURDES A. LEON GUERRERO
Governor of Guam

The Court should deny Appellant Attorney General Douglas Moylan's request for expanded briefing because (1) this appeal is moot, and (2) AG Moylan's proposed additional briefing constitutes an impermissible collateral attack on the jurisdiction of the Guam Supreme Court, an independent territorial Court over which this Court has no appellate jurisdiction, and for which the United States Supreme Court has already denied certiorari. Moreover, these "intervening changes" do not warrant additional briefing.

AG Moylan filed a document styled "Notice of Resolution of Pending Cert Petition and Request for Briefing Schedule" (ECF No. 56) ("Notice of Resolution"). In addition to asking that the stay be lifted, AG Moylan requests an expanded "briefing schedule that permits the parties to address new issues based on the intervening events." *Id.* When the Court granted AG Moylan's request for a stay, the parties had completed all briefing but for AG Moylan's reply. *See Unopposed Motion to Hold Appeal in Abeyance and to Suspend Briefing* ("Motion to Stay"), ECF No. 47 at 2.

In support of his request, AG Moylan cited the following as "intervening events" since entry of the stay (1) the Guam Supreme Court's October 31, 2023 Opinion in *In Re Leon Guerrero*, 2023 Guam 11, in which the court held that Guam Public Law No. 20-134 had been impliedly repealed by later-in-time laws; (2) the Rule 28(j) letter counsel for Plaintiffs-Appellees submitted on November 6, 2023,

notifying the court of the Guam Supreme Court's decision and asserting that the decision mooted the present appeal; and (3) AG Moylan's unsuccessful petition for a writ of certiorari seeking review of the Guam Supreme Court's decision, which the U.S. Supreme Court denied on October 7, 2024.

AG Moylan also proffered his intended argument: that the Guam Supreme Court purportedly "lacked subject matter jurisdiction to issue its decision in *In re [Leon] Guerrero ...*" *Notice of Resolution*, ECF No. 56 at 2.

The court should deny AG Moylan's request for a reset on briefing in this matter.

As AG Moylan has already conceded in his briefing to this Court, his appeal is moot; the denial of his petition for cert merely confirms it. In his Motion to Stay, AG Moylan conceded that "the issues raised in the Leon Guerrero case 'are not just similar to the issues pending here – according to Appellees, the issues are entirely dispositive on this appeal.'" *Motion to Stay*, ECF No. 47 at 4. "If the Guam Supreme Court decisions stands, then the injunction that formed the basis of this appeal will no longer be in place…" *Id.* "If this appeal is moot, as Appellees contend, then the Attorney General should not expend resources preparing a reply, and this Court should not expend resources resolving the appeal. But Appellee's mootness argument depends on the Guam Supreme Court's decision undergoing no further review." *Id.* at 6.

Further, while AG Moylan now seeks to argue that the Guam Supreme Court lacked subject matter jurisdiction to issue its decision, the Court should not entertain this newfangled argument.

This Court does not have appellate authority over the Guam Supreme Court. Now that he has exhausted his appellate remedies, AG Moylan has returned to this Court, seeking to raise arguments that the U.S. Supreme Court has declined to hear, collaterally attacking the Guam Supreme Court's decision on a matter purely of Guam law. The U.S. Supreme Court's denial of cert on the argument does not give AG Moylan leave to advance it here. There is no right of appeal from state and territorial supreme courts to the federal courts. *See MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987). Only the U.S. Supreme Court has such authority. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315, 75 L. Ed. 2d 206 (1983).

Even if this were a proper forum for an appeal from the Guam Supreme Court, AG Moylan has waived arguments disputing the Guam Supreme Court's jurisdiction.

Appellee Lourdes Leon Guerrero, Governor of Guam, filed her Petition for Declaratory Judgment before the Guam Supreme Court on January 23, 2023 (GovSER-022-069) (Declaration of Counsel in Support of Motion for Abstention, Ex. A). Since the District Court matter was reopened, AG Moylan has had

numerous opportunities to present his new arguments that declaratory judgment actions exceed the Guam Supreme Court's judicial power – in both the District Court of Guam and the Guam Supreme Court. Because he failed to raise the argument in the District Court case, during which he was aware the Guam Supreme Court had asserted jurisdiction over the declaratory judgment matter, AG Moylan has waived the argument on appeal. "It is a long-standing rule in the Ninth Circuit that, generally, 'we will not consider arguments that are raised for the first time on appeal.'" *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007) (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999)).

AG Moylan also waived this argument by failing to raise his challenge to the Guam Supreme Court's jurisdiction in his Opening Brief before this Court (ECF No. 16), though, again, he was fully aware that the Guam Supreme Court had asserted jurisdiction over the *In Re Leon Guerrero* matter. "[A]rguments not raised by a party in its opening brief are deemed waived." *Marsh*, 194 F.3d at 1052. In every instance, he has failed to do so. He failed to raise this argument in his multiple motions to stay this appeal, instead conceding that the Guam Supreme Court decision is dispositive in this matter. Accordingly, AG Moylan has waived these new arguments.

AG Moylan's attempt to keep this appeal alive with arguments he could have made over a year ago, if at all, should not be indulged. It is simply too late

for AG Moylan to pivot to arguments he failed to timely raise and therefore has waived. Indulging AG Moylan would require this Court to review not the decision of the District Court from which AG Moylan has appealed and upon which this Court's appellate jurisdiction is based, but the jurisdiction of the independent Supreme Court of Guam, which the U.S. Supreme Court itself has declined to entertain. AG Moylan failed to raise this matter before the District Court, and he cannot raise this issue for the first time on appeal.

## VII. CONCLUSION

For the foregoing reasons, the Court should deny AG Moylan's Request to reopen briefing and dismiss this appeal as moot.

*Respectfully submitted* this 23rd day of October, 2024 (CHST) (October 22, 2024 (PDT)).

                                      **OFFICE OF THE GOVERNOR OF GUAM**

                                      */s/ Jeffrey A. Moots*
                                   **LESLIE A. TRAVIS**
                                   **JEFFREY A. MOOTS**
                                   *Counsel for Defendant-Appellee*
                                   *Lourdes A. Leon Guerrero, Governor of Guam*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed and served the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system on October 22, 2024 (PDT).

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

        **OFFICE OF THE GOVERNOR OF GUAM**

        */s/ Jeffrey A. Moots*
        **JEFFREY A. MOOTS**
        *Counsel for Defendant-Appellee*
        *Lourdes A. Leon Guerrero, Governor of Guam*