No. 23-15602

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, ET AL.,
*Plaintiffs-Appellees*

v.

DOUGLAS MOYLAN,
*Defendant-Appellant*

v.

LOURDES LEON GUERRERO,
*Defendants-Appellees.*

On Appeal from the United States District Court for the
District of Guam, No. 1:90-cv-13 (Tydingco-Gatewood, J.)

## APPELLANT'S RESPONSE TO JURISDICTIONAL QUESTION

Douglas B. Moylan
Attorney General of Guam
OFFICE OF THE ATTORNEY GENERAL
OF GUAM
590 S. Marine Corps Drive
Suite 901
Tamuning, GU 96913
(671) 475-3324
dbmoylan@oagguam.org

Tyler R. Green
CONSOVOY MCCARTHY PLLC
222 S. Main Street
5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Gilbert C. Dickey
Kathleen S. Lane
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
katie@consovoymccarthy.com

November 27, 2024

*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ iii

Introduction ............................................................................................................ 1

Background ............................................................................................................. 2

Argument ................................................................................................................ 5

Conclusion .............................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Arizonans for Official English v. Arizona,*
  520 U.S. 43 (1997) ................................................................................8

*California v. EPA,*
  978 F.3d 708 (9th Cir. 2020) .............................................2, 5, 7, 9

*Diffenderfer v. Cent. Baptist Church,*
  404 U.S. 412 (1972) ..............................................................................5

*Dobbs v. Jackson Women's Health Organization,*
  597 U.S. 215 (2022) ......................................................................... 1, 3

*Freedom From Religion Found., Inc. v. Abbott,*
  58 F.4th 824 (5th Cir. 2023).............................................2, 5, 7, 9

*Guam Soc. of Obstetricians & Gynecologists v. Ada,*
  776 F. Supp. 1422 (D. Guam 1990) ..................................................2

*Guam Soc'y of Obstetricians and Gynecologists v. Ada,*
  962 F.2d 1366 (9th Cir. 1992)..........................................................2

*Horne v. Flores,*
  557 U.S. 433 (2009) ......................................................................... 6, 7

*In Re Leon Guerrero,*
  2023 Guam 11 (Guam Oct. 31, 2023)..............................................4

*McCorvey v. Hill,*
  385 F.3d 846 (5th Cir. 2004)..............................................................9

*Moylan v. Guerrero,*
  2024 WL 4426533 (Oct. 7, 2024) ......................................................4

*Paulson v. City of San Diego,*
  475 F.3d 1047 (9th Cir. 2007)............................................................6

*Planned Parenthood of Southeastern Pennsylvania v. Casey,*
  505 U.S. 833 (1992) ..............................................................................3

*Roe v. Wade,*
  410 U.S. 113 (1973) ......................................................................... 1, 7

*Rufo v. Inmates of Suffolk Cnty. Jail,*
  502 U.S. 367 (1992) ..............................................................................7

iii

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
  513 U.S. 18 (1994) ................................................................................................ 6, 8

**Statutes**

Guam Public Law 20-134 ......................................................................................... 2

**Rules**

Fed. R. Civ. P. 60(b)(5) ............................................................................................ 6

**Treatises**

13C Wright & Miller, *Federal Practice & Procedure* §3533.10 (3d ed.) .................................. 6

**INTRODUCTION**

This appeal now concerns a straightforward question: Should the Guam Attorney General remain subject to an injunction that no longer has any legal basis—and that, if not vacated, could improperly be invoked to threaten contempt or sanctions actions against the Attorney General? These proceedings began after *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), when Appellant Douglas Moylan, the Attorney General of Guam, sought Rule 60(b)(5) relief from a 1990 injunction preventing him from enforcing a 1990 law that prohibited abortion in Guam. That injunction had no basis in law after *Dobbs* overruled *Roe v. Wade*, 410 U.S. 113 (1973). But the district court denied relief, leading to this appeal. Simultaneously—and directly interfering with the federal courts' jurisdiction—the Guam Governor sought and obtained a declaratory ruling from Guam Supreme Court that Guam's enjoined 1990 abortion law, called Public Law 20-134, has been impliedly repealed. The Governor and Plaintiffs-Appellees then urged this Court to dismiss this appeal as moot, leaving the 1990 injunction place. ECF No. 38, 57.

Appellees contend that this appeal is moot. That misunderstands the issue in this appeal—whether, notwithstanding both *Dobbs* and the Guam Supreme Court's intervening opinion, the Attorney General should still be subject to the district court's 1990 injunction (and potential improper contempt or sanctions consequences for alleged noncompliance). The injunction imposes an ongoing legal harm on the Attorney General irrespective of Public Law 20-134's current validity. *See California v. EPA*, 978

1

F.3d 708, 717 (9th Cir. 2020). The Guam Supreme Court's decision may have resolved the underlying dispute about the validity and enforceability of Public Law 20-134, but it didn't resolve the dispute about what should happen to the injunction. In fact, it provides an additional reason to vacate the injunction since the repeal of a law is ordinarily a reason to vacate an injunction. *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 837 (5th Cir. 2023).

This Court should remand with instructions to vacate the injunction, or at a minimum, set a schedule for further briefing to address whether the injunction should be vacated.

## BACKGROUND

**A.** In 1990, the Territory of Guam enacted Public Law 20-134, effectively prohibiting abortion in Guam. *See* P.L. 20-134 §3 (prohibiting any person from "[p]roviding or administering drug[s] or employing means to cause abortion"). Shortly after P.L. 20-134's passage, the Guam federal district court permanently enjoined its enforcement based solely on *Roe*. Though Plaintiffs raised a number of claims, the district court found that "*Roe v. Wade* applies in Guam," and that it recognizes a "qualified right to obtain an abortion." *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 776 F. Supp. 1422, 1428-29 (D. Guam 1990). On this basis, the district court permanently enjoined Public Law 20-134. This Court affirmed, explaining that "[i]f the core of *Roe* remains good law, then, the Act is clearly unconstitutional." *Guam Soc'y of Obstetricians and Gynecologists v. Ada*, 962 F.2d 1366, 1372 (9th Cir. 1992).

**B.** On June 24, 2022, the Supreme Court issued its opinion in *Dobbs v. Jackson Women's Health Organization*, holding that "*Roe* was egregiously wrong from the start" and overruling both *Roe* and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992). 597 U.S. at 231. *Dobbs* rejected a constitutional right to abortion and the undue burden standard for evaluating abortion laws. *Id.* at 292.

After taking office in 2023, Appellant Douglas Moylan, the Attorney General of Guam, moved the district court under Federal Rule of Civil Procedure 60(b)(5) to vacate the 1990 permanent injunction of Public Law 20-134 in light of *Dobbs*. The Attorney General contended that *Dobbs* eliminated the only legal and equitable basis for that injunction. ER-247–248. Several parties, both plaintiffs and defendants in the original action and proposed intervenors, opposed the motion, arguing various reasons for the injunction to remain in place. ER-32, 61, 131. No party disagreed, however, that the injunction of Sections 2 and 3 rises or falls entirely with *Roe*. The district court denied the Attorney General's motion, and the Attorney General filed this appeal

**C.** Meanwhile, interfering with the federal courts' jurisdiction, Guam's current Governor sought a declaratory judgment from the Guam Supreme Court on three questions pertaining to Public Law 20-134: whether Public Law 20-134 is "void forever," whether the Guam Legislature had authority to enact Public Law 20-134, and whether Public Law 20-134 had been "repealed by implication." ECF No. 38 at 9. At least one of the Plaintiffs in this suit—William S. Freeman—appeared as an amicus to argue that Public Law 20-134 was a nullity. *Id* at 11.

3

Before the parties completed merits briefing in this appeal, the Guam Supreme Court issued an opinion holding that Public Law 20-134 had been impliedly repealed. *In Re Leon Guerrero*, 2023 Guam 11, ¶ 3 (Guam Oct. 31, 2023). That Court first held that it would "reach the merits despite the lack of an injury in fact." *Id.* at 15. The Court said that it would not require an injury in fact when "the case presents a purely legal issue" of "great public interest" and satisfies the requirements of Guam's declaratory judgment law. *Id.* at 17. The Guam Supreme Court then concluded that the enactment of other abortion restrictions and regulations while the injunction was in place had repealed Public Law 20-134. *Id.* at 23-31. It found that Public Law 20-134 could not be harmonized with later laws "establishing guidelines and requirements for the performance of abortion, including conditions surrounding reporting and consent." *Id.* at 29.

Both Plaintiffs-Appellees and the Governor filed the Guam Supreme Court's opinion with this Court. ECF No. 27, 38. In a Rule 28(j) letter, Plaintiffs-Appellees contended that this appeal "is moot" and "should be dismissed." ECF No. 38.

The Attorney General filed a petition for a writ of certiorari seeking review of that Guam Supreme Court decision. This Court stayed the present appeal pending the U.S. Supreme Court's resolution of that petition. ECF No. 49. On October 7, 2024, the U.S. Supreme Court denied the petition. *Moylan v. Guerrero*, No. 23-828, 2024 WL 4426533 (Oct. 7, 2024).

4

After the Supreme Court denied certiorari, the Attorney General requested supplemental briefing to address the impact of the Guam Supreme Court's decision on this appeal. ECF No. 56. The Governor filed a response arguing that this Court should dismiss the appeal as moot. ECF No. 57. This Court then ordered the Attorney General to "explain why this court should not dismiss this appeal as moot." ECF No. 61.

## ARGUMENT

The Governor and Plaintiffs get the import of the Guam Supreme Court's decision exactly backward. That decision provides an additional reason to *vacate* the injunction, not to dismiss this appeal as moot. The outcome of the parallel Guam Supreme Court proceedings means this appeal no longer concerns Public Law 20-134's current validity. Rather, the issue now in this appeal is whether the 1990 federal injunction barring enforcement of Public Law 20-134 should be vacated. The Guam Supreme Court' holding that Public Law 20-134 has been impliedly repealed moots the underlying dispute about the law's ongoing validity. *Diffenderfer v. Cent. Baptist Church*, 404 U.S. 412, 414-15 (1972) (suit regarding the constitutionality of a statute is moot when statute repealed). But it doesn't moot the Attorney General's claim that he should no longer be subject to an injunction. In fact, it provides yet another change supporting vacatur, since the repeal of a law is a reason to vacate an injunction against that law's enforcement. *See, e.g.*, *Freedom From Religion Found., Inc.*, 58 F.4th at 837; *see also California v. EPA*, 978 F.3d at 714.

5

Courts have long recognized that they retain jurisdiction to decide how to correctly dispose of a matter even when the underlying dispute is moot. The "[d]eath of the case pending appeal ousts power to decide the merits, but does not defeat appellate authority to direct proper disposition in response to the finding of mootness." 13C Wright & Miller, *Federal Practice & Procedure* §3533.10 (3d ed.). Thus, even if the judgment under review is moot, appellate courts retain authority to "make such disposition of the whole case as justice may require." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994) (cleaned up). This power includes vacatur of underlying orders "in response to the finding of mootness." *Federal Practice & Procedure* §3553.10; *see also Paulson v. City of San Diego*, 475 F.3d 1047, 1049 (9th Cir. 2007) (remanding with instructions to vacate order to enforce injunction because the controversy was mooted "not through any voluntary action of the parties").

This authority is even greater when there remains a live dispute about prospective injunctive relief—here, whether the district court's 1990 injunction can be enforced in the future. A Rule 60(b)(5) motion is not a challenge to "the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Instead, it is a means to "ask a court to modify or vacate an injunction." *Id.* It calls for an inquiry into whether "applying" a challenged injunction "prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). The question in this appeal is whether the district court's 1990 injunction should remain in place. The appeal is not moot since the Attorney General

6

remains subject to the district court's injunction, which "necessarily" inflicts harm "by its nature." *California v. EPA*, 978 F.3d at 717 (cleaned up).

The changed circumstances—the United States Supreme Court's decision in *Dobbs* and the Guam Supreme Court's decision in *In re Leon Guerrero*—provide a basis to vacate the injunction. A court should vacate or modify an injunction when "'a significant change either in factual conditions or in law'" warrants revision of the judgment. *Horne*, 557 U.S. at 447 (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). As the Attorney General explained in his opening brief, the overruling of *Roe v. Wade*, 410 U.S. 113 (1973), was one change requiring vacatur of the injunction since that decision had been the sole basis for the injunction. ECF No. 15 at 22-27. The Guam Supreme Court's decision provides yet another reason: the repeal of a law whose enforcement was enjoined.

"Ordinarily, a permanent injunction relating to a challenged law or regulation cannot continue after the law or regulation is removed." *Freedom From Religion Found., Inc.*, 58 F.4th at 837 (vacating permanent injunction against enforcement of a rule after the rule was repealed); *see also California v. EPA*, 978 F.3d at 714 ("[A] change in law that alters a party's legal duty requires modification of an injunction that is based on superseded law."). Take, for example, *Freedom From Religion Foundation*. There, the district court enjoined the state from enforcing against the plaintiff certain rules about a program that allowed exhibits to be displayed in the Texas Capitol because the rules violated the Constitution. 58 F.4th at 830-31. The state then repealed the program

altogether. *Id.* at 831. The Fifth Circuit vacated the injunction because it would be "meaningless" to "order[] state officials not to exclude the Foundation from participation in a program that no longer exists." *Id.* at 837. The same is true here. An injunction preventing the Attorney General from enforcing a statute that "no longer exists" would be meaningless and should be vacated.

Other equitable factors also cut in favor of vacatur here. Courts often look to whether mootness is the result of "unilateral action of the party who prevailed in the lower court." *See U.S. Bancorp Mortg. Co.*, 513 U.S. at 23. Here, the parties who prevailed below and who now seek to dismiss this appeal are the same parties who sought and obtained the very decision that mooted the dispute. The Governor sought the Guam Supreme Court's decision with support of at least one Plaintiff-Appellee as an amicus. ECF No. 9-10, 11. Since vacatur is ordinarily appropriate when mootness occurs "through happenstance" or "circumstances not attributable to the parties," it is even more appropriate here since the mootness was brought about by a party seeking to keep the injunction in place. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997). Those parties should not be able *both* to uproot the underlying law *and* to preserve an injunction against the law they've uprooted.

Appellees ignore the distinction between the underlying legal dispute and the ongoing equitable relief when arguing that this appeal is moot. In their Rule 28(j) letter (ECF No. 38), they argue that the Attorney's General request to vacate the injunction

8

is moot since he cannot enforce Public Law 20-134, citing *McCorvey v. Hill*, 385 F.3d 846, 848-49 (5th Cir. 2004). But *McCorvey* illustrates why this appeal is not moot. There, the original plaintiff in *Roe* sought to have its judgment overturned, and the court determined that repeal of the Texas statutes at issue in *Roe* "moots [her] injunction request" because she "lack[ed] a legally cognizable interest in the outcome." *Id.* at 847, 849. Unlike this case, it was the *plaintiff* in the underlying suit—not the defendant—who sought to vacate the injunction. *Id.* at 847. And unlike McCorvey, who no longer had an interest in the outcome once the statutes were repealed, here the Attorney General remains subject to an injunction, which causes him harm and gives him an "interest in the outcome." *Id.* at 848-49; *Freedom From Religion Found.*, 58 F.4th at 837. As this Court recently confirmed, "even if an injunction appears to do no harm to the defendant, it necessarily does so by its nature." *California v. EPA*, 978 F.3d at 717 (cleaned up).

For her part, the Governor argues that the Attorney General has conceded that this appeal is moot. ECF No. 57 at 3. But this argument rests on a misreading of the Attorney General's motion to hold this appeal in abeyance. The Attorney General explained that "*according to Appellees*" the Guam Supreme Court's decision was "entirely dispositive of this appeal." ECF No. 47 at 4.

## CONCLUSION

For these reasons, this appeal is not moot. This Court should remand with instructions to vacate the injunction, or at a minimum, set a schedule for further briefing on whether the injunction should be vacated.

Dated: November 27, 2024          Respectfully submitted,

                                 */s/ Tyler Green*
                                  Tyler Green
                                  CONSOVOY MCCARTHY PLLC
                                  222 S. Main Street, 5th Floor
                                  Salt Lake City, UT 84101
                                  (703) 243-9423
                                  tyler@consovoymccarthy.com

                                  Gilbert Dickey
                                  Kathleen S. Lane
                                  CONSOVOY MCCARTHY PLLC
                                  1600 Wilson Boulevard, Suite 700
                                  Arlington, VA 22209
                                  (703) 243-9423
                                  katie@consovoymccarthy.com
                                  gilbert@consovoymccarthy.com

                                  *Counsel for Defendant-Appellant*

10