No. 23-15602

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, ET AL.,
*Plaintiffs-Appellees*,

v.

DOUGLAS MOYLAN
*Defendant-Appellant*,

v.

LOURDES LEON GUERRERO, ET AL.
*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Guam
No. 1:90-cv-13
Hon. Frances Tydingco-Gatewood

---

## PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANT'S
## SUPPLEMENTAL BRIEF ON MOOTNESS

---

Meagan Burrows
Lindsey Kaley
Zoraima Pelaez
Scarlet Kim
Johanna Zacarias
Alexa Kolbi-Molinas
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
mburrows@aclu.org

Vanessa L. Williams
LAW OFFICE OF VANESSA L.
WILLIAMS, P.C.
414 West Soledad Avenue
GCIC Bldg., Suite 500
Hagatna, Guam 96910
(671) 487-1492

Anita P. Arriola
ARRIOLA LAW FIRM,
LLC
259 Martyr Street, Suite 201
Hagatna, Guam 96910
(671) 477-9730

*Counsel for Plaintiffs-Appellees*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ...................................................................................1

BACKGROUND ....................................................................................1

ARGUMENT ........................................................................................5

   I.    Repeal of the Ban Rendered This Case Moot, and This Appeal
        Should Therefore Be Dismissed for Lack of Jurisdiction. ..........................5

   II.   The Attorney General's Attempt to Evade Mootness and
        Secure Backdoor Vacatur of the 1990 Injunction Fails. ...........................10

        A.    The Attorney General Cannot Manufacture A Case and
              Controversy Where None Exists........................................................11

        B.    There is No Basis for Vacating the 1990 Injunction. ........................13

CONCLUSION ....................................................................................20

i

## TABLE OF AUTHORITIES

**Cases**

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ................................................................5

*Am. Unites for Kids v. Rousseau*,
  985 F.3d 1075 (9th Cir. 2021) ..............................................7

*Arizonans for Off. Eng. v. Arizona*,
  520 U.S. 43 (1997) ........................................................ 15, 16

*Associated Gen. Contractors of Conn., Inc. v. City of New Haven*,
  41 F.3d 62 (2d Cir. 1994) ....................................................15

*Avila v. L.A. Police Dep't*,
  758 F.3d 1096 (9th Cir. 2014) ..............................................16

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
  941 F.3d 1195 (9th Cir. 2019) ........................................ 6, 7, 9

*Bellevue Manor Assocs. v. United States*,
  165 F.3d 1249 (9th Cir. 1999) ...................................... 19, 20

*Bench Billboard Co. v. City of Cincinnati*,
  675 F.3d 974 (6th Cir. 2012) .................................................6

*Brooks v. Vassar*,
  462 F.3d 341 (4th Cir. 2006) .................................................6

*Burke v. Barnes*,
  479 U.S. 361 (1987) .............................................................6

*California ex rel. Becerra v. EPA*,
  978 F.3d 708 (9th Cir. 2020) ....................................... *passim*

*Camreta v. Greene*,
563 U.S. 692 (2011) ........................................................................15

*Catanzano v. Wing*,
277 F.3d 99 (2d Cir. 2001) ..............................................................17

*Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*,
236 F.3d 1174 (10th Cir. 2000) .........................................................6

*Dobbs v. Jackson Women's Health Org.*,
597 U.S. 212 (2022) ..........................................................................8

*Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*,
326 F.3d 924 (7th Cir. 2003) .............................................................6

*Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*,
11 F.4th 1266 (11th Cir. 2021) .........................................................6

*Freedom From Religion Found., Inc. v. Abbott*,
58 F.4th 824 (5th Cir. 2023) ................................................... *passim*

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,
962 F.2d 1366 (9th Cir. 1992) ................................................ 17, 18, 19

*In re Burrell*,
415 F.3d 994 (9th Cir. 2005) ............................................................16

*In re Charlton*,
708 F.2d 1449 (9th Cir. 1983) .........................................................14

*In re Leon Guerrero*,
2023 Guam 11 (Guam Oct. 31, 2023) ..................................... 3, 9, 13

*In re Smith*,
964 F.2d 636 (7th Cir. 1992) ...........................................................16

*Khodara Env't, Inc. ex rel. Eagle Env't L.P. v. Beckman*,
237 F.3d 186 (3d Cir. 2001) ..............................................................6

iii

*Kremens v. Bartley*,
   431 U.S. 119 (1977) ............................................................6

*Lewis v. Cont'l Bank Corp.*,
   494 U.S. 472 (1990) ............................................................6

*Lillbask ex rel. Mauclaire v. Conn. Dep't. of Educ.*,
   397 F.3d 77 (2d Cir. 2005) ...................................................6

*McCorvey v. Hill*,
   385 F.3d 846 (5th Cir. 2004) ..................................... *passim*

*Paulson v. City of San Diego*,
   475 F.3d 1047 (9th Cir. 2007) ..................................... 14, 17

*Pinson v. Carvajal*,
   69 F.4th 1059 (9th Cir. 2023) ..............................................15

*Pitts v. Terrible Herbst, Inc.*,
   653 F.3d 1081 (9th Cir. 2011) ...............................................5

*Radiant Glob. Logistics, Inc. v. Furstenau*,
   951 F.3d 393 (6th Cir. 2020) ...............................................16

*Rocky Mountain Farmers Union v. Corey*,
   913 F.3d 940 (9th Cir. 2019) ..................................... *passim*

*Rufo v. Inmates of Suffolk Cnty. Jail*,
   502 U.S. 367 (1992) ..........................................................19

*Sands v. Bradley*,
   144 S. Ct. 1382 (2024).......................................................15

*SD Voice v. Noem*,
   987 F.3d 1186 (8th Cir. 2021) ..........................................6, 9

iv

*Town of Portsmouth v. Lewis*,
813 F.3d 54 (1st Cir. 2016) ...................................................................6

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
513 U.S. 18 (1994) ............................................................... 14, 15, 19

*Underwood v. Guam Election Comm'n*,
2006 Guam 17 (Guam Dec. 19, 2006) .................................................3

*United States v. Arpaio*,
951 F.3d 1001 (9th Cir. 2020) .............................................................16

*United States v. Munsingwear, Inc.*,
340 U.S. 36 (1950) .................................................................... *passim*

*United States v. Sanchez-Gomez*,
584 U.S. 381 (2018) ..............................................................................5

*United States v. Tapia-Marquez*,
361 F.3d 535 (9th Cir. 2004) ..............................................................15

*Wallingford v. Bonta*,
82 F.4th 797 (9th Cir. 2023) .................................................................5

*Weeks v. Connick*,
733 F. Supp. 1036 (E.D. La. 1990) .......................................................8

**Statutes**

7 G.C.A. § 4104 ....................................................................................2

**Other Authorities**

13C Charles Alan Wright & Arther R. Miller,
*Federal Practice and Procedure* § 3533.10 (3d ed. 2024)......................14

v

36 C.J.S. *Federal Courts* § 410 (2024)........................................................................9

**Rules**

Fed. R. Civ. P. 60(b)(5)........................................................................................7, 20

# INTRODUCTION[1]

Plaintiffs-Appellees ("the Providers") agree that the question before this Court is "straightforward." Appellant's Resp. to Jurisdictional Question ("AG Resp.") at 1, ECF No. 62. But it is not the merits question that the Attorney General presents. Rather, in light of the Guam Supreme Court's now-final and unreviewable determination that Guam's Public Law 20-134 ("the Ban") has been impliedly repealed, this Court must answer a simple threshold jurisdictional question: does the repeal of the Ban moot the Attorney General's Rule 60(b)(5) motion to vacate the three-decades old permanent injunction blocking its enforcement? As detailed below, a wealth of precedent points to an equally simple answer—yes—and the Attorney General's arguments to the contrary are without merit. Accordingly, this Court should dismiss this appeal as moot.

# BACKGROUND

This appeal arises from the denial of the Attorney General's motion under Federal Rule of Civil Procedure 60(b)(5) to dissolve a permanent injunction issued over three decades ago blocking enforcement of the Ban. The Providers incorporate by reference the Statement of the Case set forth in their Answering Brief, *see* Pls.-

---

[1] Unless otherwise noted, all emphasis is added and all internal quotation marks and citations are omitted.

1

Appellees' Answering Br. at 3–11, ECF No. 29, and include the below as additional relevant background.

On January 23, 2023, over a week before the Attorney General filed the Rule 60(b)(5) motion at issue in this appeal, Guam Governor Lourdes A. Leon Guerrero filed an independent action in the Guam Supreme Court pursuant to 7 Guam Code Ann. § 4104 (2024), seeking a declaratory judgment that, *inter alia*, the Ban had been impliedly repealed by subsequent acts of the Guam Legislature.[2] *See* Req. for Declaratory J. at 18, *In re Request of Lourdes A. Leon Guerrero*, 2023 Guam 11 (No. CRQ23-001). On February 18, 2023, the Guam Supreme Court accepted jurisdiction over the Governor's action, designated the Attorney General as a Respondent, and set a schedule for briefing and a date for oral argument. 3-ER-474–479.

On March 24, 2023—well before the completion of briefing and argument in the Governor's Guam Supreme Court case—the federal District Court of Guam issued the order now on appeal before this Court, denying the Attorney General's Rule 60(b)(5) motion. 1-ER-002–005.

---

[2] The Attorney General's suggestion that the Governor of Guam "directly interfer[ed] with the federal courts' jurisdiction" over his motion by seeking and obtaining a declaratory judgment from the Guam Supreme Court, AG Resp. at 1, 3, ignores that the Governor's action was filed *first*. In any event, this argument was already raised in the Attorney General's petition for certiorari from the Guam Supreme Court's decision, Pet. for Writ of Cert. at 27–28, *Moylan v. Leon Guerrero*, No. 23-828 (Jan. 29, 2024), which the U.S. Supreme Court denied in October. U.S. Supreme Court Order List, 604 U.S. (Oct. 7, 2024) (denying petition).

On July 25, 2023, the Guam Supreme Court held oral argument in the Governor's case, and on October 31, 2023, the Guam Supreme Court, pursuant to its role as "the final arbiter of questions arising through the jurisdiction of the courts of Guam," issued its ruling. *In re Leon Guerrero*, 2023 Guam 11 ¶ 8 (quoting *Underwood v. Guam Election Comm'n*, 2006 Guam 17 ¶ 35). The Court held that, even assuming that the Ban was valid at the outset, it had since been impliedly repealed by subsequent acts of the Guam Legislature and therefore "no longer possesses any force or effect in Guam." *Id.* at ¶¶ 55, 61.

On November 6, the Providers filed a Rule 28(j) letter informing this Court of the Guam Supreme Court's decision declaring the Ban to have been impliedly repealed and explaining that because said decision rendered the Attorney General's Rule 60(b)(5) motion moot, his appeal from the denial of that motion should be dismissed. Pls.-Appellees' Rule 28(j) Letter at 1–2, ECF No. 38.

On December 1, 2023, the Attorney General filed a motion to hold the appeal in abeyance, based on his asserted intention to file a petition for writ of certiorari in the United States Supreme Court seeking review of the Guam Supreme Court's decision. Appellant's Unopposed Mot. to Hold Appeal in Abeyance at 6, ECF No. 47. On December 14, 2023, this Court granted that motion in part, staying proceedings until February 12, 2024. Order Granting in Part Mot. to Stay Appellate Proceedings, ECF No. 49. On January 29, 2024, the Attorney General filed his

petition for a writ of certiorari with the United States Supreme Court, *see* Pet. for Writ of Cert., *Moylan v. Leon Guerrero,* No. 23-828 (Jan. 29, 2024), and on February 2, 2024, he moved to continue the stay of these proceedings until the United States Supreme Court disposed of his petition. *See* Unopposed Mot. to Continue Stay at 4, ECF No. 52. In this motion, the Attorney General acknowledged that if the United States Supreme Court were to deny his petition, this Court would then need to decide whether the Guam Supreme Court's "*Leon Guerrero* decision moots the appeal." *Id.* at 3. On February 16, 2024, this Court granted the Attorney General's stay motion, staying appellate proceedings until resolution of the petition in *Moylan v. Leon Guerrero* (No. 23-828), or until further ordered. Order Granting Mot. to Further Stay Appellate Proceedings, ECF No. 53.

On October 7, 2024, the United States Supreme Court denied the Attorney General's petition for a writ of certiorari. *See* U.S. Supreme Court Order List, 604 U.S. (Oct. 7, 2024) (denying petition). On October 15, 2024, the Attorney General filed a status report alerting this Court of the denial of the petition, but requesting that a briefing schedule be set to address "new issues and arguments." Notice of Resolution of Pending Cert. Pet. and Req. for Briefing Schedule at 2, ECF No. 56. The following week, the Governor of Guam filed a response, agreeing with the Providers that the repeal of the Ban renders the present appeal moot, and requesting that this Court deny the Attorney General's request for supplemental briefing and

hold as much. Resp. to Appellant's Notice of Resolution of Pending Cert. Pet. and Req. for Briefing Schedule at 2–3, ECF. No. 57.

On November 7, 2024, this Court ordered the Attorney General to file a brief within 21 days "explain[ing] why this court should not dismiss this appeal as moot," and Appellees to file a response within 10 days thereafter. Order, ECF No. 61. On November 27, 2024, the Attorney General filed his brief as to mootness. AG Resp. Pursuant to this Court's November 7 Order, the Providers hereby submit the following response.

## **<u>ARGUMENT</u>**

### I.     **Repeal of the Ban Rendered This Case Moot, and This Appeal Should Therefore Be Dismissed for Lack of Jurisdiction.**

Notwithstanding the Attorney General's protestations to the contrary, the present appeal is clearly moot and should be dismissed. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at *all* stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). It is well-established that "[a] case that becomes moot at *any* point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III and is [therefore] outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)); *see also Wallingford v. Bonta*, 82 F.4th 797, 800 (9th Cir. 2023) ("The constitutional requirement that

5

federal courts resolve only actual, ongoing cases or controversies applies through all stages of federal judicial proceedings, trial and appellate." (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990))).

As the Supreme Court, this Court, and every other Court of Appeals has recognized, "a case is moot when the challenged statute is repealed" because "there is nothing left of a challenged law" to warrant judicial action, *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019), and thus "[n]o live controversy remains," *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers,* 941 F.3d 1195, 1199 (9th Cir. 2019); *accord Burke v. Barnes*, 479 U.S. 361, 363 (1987) (holding that a challenge to the validity of a statute that "expired by its own terms" was no different from a challenge to a repealed statute and thus moot); *Kremens v. Bartley*, 431 U.S. 119, 128–29 (1977) (holding that repeal of challenged law mooted plaintiffs' claims); *Town of Portsmouth v. Lewis*, 813 F.3d 54, 58–59 (1st Cir. 2016) (same); *Lillbask ex rel. Mauclaire v. Conn. Dep't. of Educ.*, 397 F.3d 77, 91 (2d Cir. 2005) (same); *Khodara Env't, Inc. ex rel. Eagle Env't L.P. v. Beckman*, 237 F.3d 186, 194 (3d Cir. 2001) (same); *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006) (same); *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) (same); *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) (same); *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) (same); *SD Voice v. Noem*, 987 F.3d 1186, 1188–90 (8th Cir. 2021) (same); *Citizens*

*for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (same); *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 11 F.4th 1266, 1283–85 (11th Cir. 2021) (same).[3]

This principle applies with particular force in the Rule 60(b)(5) context, where the movant seeks to invoke a limited exception to the rule of finality to obtain relief from judgment in a closed case, and bears the burden of demonstrating that "applying [the judgment] prospectively is no longer equitable" in order to obtain such extraordinary relief. Fed. R. Civ. P. 60(b)(5); *cf. Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1097 (9th Cir. 2021) ("A district court's authority to modify an injunction is more limited than its authority to formulate an injunction in the first instance because of the additional interest in the finality of judgments.").

For example, in *McCorvey v. Hill*—a case that bears striking resemblance to the one at hand—the Fifth Circuit dismissed an appeal from a denial of a Rule 60(b)(5) motion as moot upon concluding that the underlying statutes at issue, which had been declared unconstitutional thirty years prior, had since been impliedly repealed. 385 F.3d at 848–50. The court began its analysis by recognizing that it was

---

[3] While this Court has recognized a narrow exception to mootness where "there is a reasonable expectation"—founded in the record—"that the legislative body is likely to enact the same or substantially similar legislation in the future," *Chambers*, 941 F.3d at 1197, that exception "does not apply to the instant case," as the record reflects that Guam "has not adopted any substantially similar statute, nor is there a reasonable belief that it plans to reenact [such] statutory provisions . . . ." *McCorvey*, 385 F.3d at 849 n.3.

7

"under an independent obligation to examine [the] jurisdictional question" of whether an appellant "has presented a justiciable case or controversy pursuant to Article III of the Constitution" and emphasized that a controversy must remain "live" throughout the *entire* litigation, including the pendency of any appeal. *Id.* at 848. Engaging in this requisite examination, the Fifth Circuit concluded that because the challenged Texas statutes had been impliedly repealed since the entry of final judgment, and because it is well-established that "[s]uits regarding the constitutionality of statutes become moot once the statute is repealed," the appellant's Rule 60(b)(5) motion was moot, requiring dismissal of the appeal. *Id.* at 849; *see also Weeks v. Connick*, 733 F. Supp. 1036, 1037, 1039 (E.D. La. 1990) (denying state defendants' Rule 60(b)(5) motion to dissolve a 1976 injunction blocking enforcement of three criminal abortion statutes, in part because "with regard to two of the three statutes [] the issue has been rendered moot by the Louisiana legislature's implied repeal of [the statutes]").

The same outcome is warranted here. Just as in *McCorvey*, the Attorney General moved under Rule 60(b)(5) to vacate a three-decades-old final judgment so that the underlying law (the Ban) could be enforced. *See, e.g.*, Appellant's Opening Br. at 13, ECF No. 15 (seeking vacatur to "let the Territory of Guam enforce its own abortion laws"); *id.* at 38 (seeking vacatur because, in light of *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 212 (2022), P.L. 20-134 "can now be enforced"); *id.*

8

at 26–27 (noting that Sections 2 and 3 of P.L. 20-134 are "now enforceable" after *Dobbs*). But, just as in *McCorvey*, that law has been repealed. *In re Leon Guerrero*, 2023 Guam at ¶ 61 (holding that the Ban was impliedly repealed by the Guam legislature and "no longer possesses any force or effect in Guam."), *cert denied*, No. 23-828 (Oct. 7, 2024); *id*. at ¶ 8 (emphasizing that the Guam Supreme Court is "the final arbiter of questions arising through the jurisdiction of the courts of Guam"); *see also* AG Resp. at 2 (conceding that "[t]he Guam Supreme Court's decision may have resolved the underlying dispute about the validity and enforceability of [the Ban]"). And, thus, just as in *McCorvey*, "[a] judicial decision in [the Attorney General's] favor cannot turn back [Guam's] legislative clock to reinstate the [Ban], no longer effective, that formerly criminalized abortion." *McCorvey*, 385 F.3d at 850 (Jones, J., concurring). Accordingly, because "there is nothing left of [the Ban] . . . further judicial action would necessarily be advisory and in violation of the limitations of Article III" and the Attorney General's appeal must be dismissed as moot.[4] *Rocky Mountain*, 913 F.3d at 949; *see also id.* (holding where "[t]he laws

---

[4] Put another way, "[t]o test whether subsequent developments have mooted [the Attorney General's motion], we ask whether the [motion] could have been brought in light of the [law] as it now stands." *Rocky Mountain*, 913 F.3d at 949. Here, if the Attorney General had filed his Rule 60(b)(5) motion *after* the Guam Supreme Court issued its decision, "there would be no Article III controversy because there [would be] no [Ban]" and, as such, no law for the Attorney General to seek to enforce. *Id*. at 950. For the same reason, "[w]hatever the status of [the Attorney General's motion]" when it was filed, it is now moot and the appeal must be dismissed. *Id.* at 949.

challenged are no longer in effect" because they have been repealed, "it is not possible for the Court to grant any effectual relief"); *SD Voice*, 987 F.3d at 1189 (holding that "Defendants' appeal, which asks us to uphold the now-defunct [law] as constitutional, is moot" and must be dismissed); *Chambers*, 941 F.3d at 1198 (holding that cases mooted by the repeal of challenged legislation are "appropriate for dismissal"); *see generally* 36 C.J.S. *Federal Courts* § 410 (2024) ("[I]t is not within the province of the courts of appeals to entertain or decide abstract, hypothetical, or moot questions, not connected with the granting of actual relief.").

## II. The Attorney General's Attempt to Evade Mootness and Secure Backdoor Vacatur of the 1990 Injunction Fails.

Try as he might, the Attorney General cannot escape the fundamental principles that compel the above result. As detailed below, his attempt to create a case or controversy where none exists fails—the main case he relies on to support his claim of ongoing "harm" is completely inapposite, and he neglects to grapple with any of the above mootness precedent apart from *McCorvey*, which he cannot distinguish. Perhaps seeing the writing on the wall, the Attorney General alternatively attempts to use mootness to his advantage, employing case law concerning the distinct, mootness-based equitable remedy of vacatur from *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) in an effort to end-run around the rigorous requirements of Rule 60(b)(5) and vacate the 1990 injunction through the backdoor. But this is completely unavailing because, as explained below, the sole

10

justification for vacating a judgment pursuant to *Munsingwear* is entirely absent when it comes to the 1990 injunction, a judgment that has not been rendered unreviewable due to mootness, but was in fact already appealed and affirmed by this Court over three decades ago. Accordingly, this Court should reject Appellant's request that it retain jurisdiction over a clearly moot case and dismiss this appeal as moot without vacating the 1990 injunction.

### A. The Attorney General Cannot Manufacture A Case and Controversy Where None Exists.

Tellingly, *California ex rel. Becerra v. EPA*, 978 F.3d 708 (9th Cir. 2020)—the primary case cited by the Attorney General in support of his claim that this appeal remains live due to ongoing "harm," AG Resp. at 1, 7, 9[5]—does not concern mootness at all. In *Becerra*, the defendant EPA was subject to an injunction requiring it to promulgate certain guidelines within six months because the agency missed a deadline established by its own prior regulations. *Becerra*, 978 F.3d at 711.

---

[5] Apart from *Becerra*, which he raises repeatedly, the Attorney General cites only *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824 (5th Cir. 2023) in contending that this case is not moot given ongoing "harm." *See* AG Resp. at 9. *Abbott* is indeed a mootness case, but it supports the Providers, not the Attorney General, as the Fifth Circuit there held that the repeal of the rule that served as the basis for the suit (and the injunction on appeal) rendered the case moot. *Abbott*, 58 F.4th at 838. Moreover, the portion of the opinion that the Attorney General cites has nothing to do with whether or not a live controversy exists notwithstanding the repeal; it concerns whether, given mootness, the judgment on appeal should be vacated pursuant to the distinct, equitable remedy of *Munsingwear* vacatur which, as discussed *infra*, is inapplicable here.

However, when new regulations established a later regulatory timeline, thereby eliminating the legal basis for the existing injunction, the EPA sought to modify that injunction to align with the new deadline. *Id.* In ordering the district court to grant that request, this Court concluded that requiring the EPA to abide by the earlier, now-defunct regulatory deadline, as opposed to the later, new one that had replaced it, inflicted harm. *Id.* at 717.

The same cannot be said here, where, by contrast, the underlying law has not merely been amended; it has been repealed altogether. Thus, unlike in *Becerra*, where the question of mootness did not even arise given the existence of an ongoing, albeit modified, legal obligation, this case is moot. Moreover, in *Becerra*, the "harm" that this Court recognized as being inflicted on the EPA arose by virtue of the continuance of a *mandatory* injunction that would have forced the EPA to take affirmative action in promulgating a federal plan by a specified deadline that was no longer supported by any legal basis. *Id.* That is a far cry from the case at hand, where the Attorney General suffers no harm in being blocked by a three-decades old *prohibitory* injunction from enforcing a law that he otherwise lacks the power to enforce anyway, by virtue of it having been repealed.[6]

---

[6] And any alleged risk of harm from "potential improper contempt or sanctions," AG Resp. at 1, is pure conjecture, as the only way the Attorney General could be subject to such "harm" is if he acted *ultra vires* and attempted to enforce a law that the territory's highest court has conclusively ruled to have no "force or effect in Guam." *In re Leon Guerrero*, 2023 Guam at ⁋ 61. Thus, so long as he does not attempt to

Turning to *McCorvey*, contrary to what the Attorney General implies, nothing in the Fifth Circuit's mootness analysis there indicates that its mootness conclusion would have been different had the *defendant* been the 60(b)(5) movant as opposed to the *plaintiff*. *See* AG Resp. at 9. Indeed, in examining the jurisdictional question as to whether the 60(b)(5) motion was moot, the Fifth Circuit made no mention of *McCorvey*'s party status, or the fact that she herself was not subject to the underlying judgment at issue there. *McCorvey*, 385 F.3d at 848–49. Instead, the *McCorvey* Court simply applied the well-established legal principle that "*[s]uits* regarding the constitutionality of statutes become moot once the statute is repealed," to the matter before it and determined that "because the statutes declared unconstitutional" in the underlying judgment "have been repealed," the "60(b) motion is moot." *Id.* at 849. The same reasoning follows here.

### B. There is No Basis for Vacating the 1990 Injunction.

Unable to contend with the foregoing mootness precedent, the Attorney General attempts to elide the threshold jurisidictional issue, insisting that the repeal of the Ban instead "provides yet another change supporting vacatur" of the 1990 injunction. *See* AG Resp. at 5, 7–8. But, as detailed below, this argument fails, as it is premised almost entirely on the Attorney General's erroneous conflation of

_____

exercise enforcement power that he indisputably lacks, he need not worry about contempt or sanctions.

vacatur of a final judgment pursuant to Rule 60(b)(5) with mootness-related vacatur pursuant to *Munsingwear*, 340 U.S. 36—a distinct equitable remedy with a distinct animating purpose and a distinct set of governing standards that provides no backdoor through which the 1990 injunction may be vacated.

*First*, the Attorney General invokes the well-accepted principle that courts retain jurisdiction to dispose of moot matters, including—in certain cases—by vacating the order from which an appeal was sought, to contend that this Court retains jurisdiction to vacate the 1990 injunction. *See* AG Resp. at 6. But the sources he cites in support of this proposition all concern *Munsingwear* vacatur in the event of mootness, which, as those sources show, only applies to "the judgment *appealed from*"—or, in other words, the judgment that was unable to be reviewed by the appellate court due to mootness. *In re Charlton*, 708 F.2d 1449, 1452 (9th Cir. 1983); *see* AG Resp. 6 (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–23 (1994) ("We explained that vacatur 'clears the path for future relitigation of the issues between the parties and eliminates *a judgment, review of which was prevented* through happenstance.'" (quoting *Munsingwear*, 340 U.S. at 40))); *id.* (citing *Paulson v. City of San Diego*, 475 F.3d 1047, 1049 (9th Cir. 2007) (finding the appeal of a May 3, 2006 order to enforce a 1991 injunction to be moot, and thus remanding with instructions to vacate that order, but concluding that more "extensive vacatur" would be "inappropriate" because "[t]he controversy presented

14

for review was only whether the district court abused its discretion in *ordering enforcement of the injunction*," and "the original issuance of the 1991 injunction itself was previously upheld on appeal")); *id.* (citing 13C Charles Alan Wright & Aruther R. Miller, *Federal Practice and Procedure* §3533.10 (3d ed. 2024) (making clear in explaining *Munsingwear* vacatur that it applies only to judgments that would be left to stand due to mootness "despite the *defeated effort* to secure appellate review")).

This accords with the rationale animating *Munsingwear* vacatur: that a party should not be bound by a decision that they were unable to challenge on appeal when a case becomes moot before appellate review can occur through no fault of that party. *See, e.g.*, *Camreta v. Greene*, 563 U.S. 692, 712 (2011) ("The equitable remedy of [*Munsingwear*] vacatur ensures that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'" (quoting *Munsingwear*, 340 U.S. at 39)); *Associated Gen. Contractors of Conn., Inc. v. City of New Haven*, 41 F.3d 62, 67 (2d Cir. 1994) ("The rationale behind this [*Munsingwear*] rule providing for vacatur rests on basic notions of fair play and justice: A party should not suffer the adverse *res judicata* effects of a district court judgment when it is denied the benefit of appellate review through no fault of its own."). In line with this rationale, the purpose of *Munsingwear* vacatur in the event of mootness is to "clear[] the path for future relitigation by eliminating *a*

*judgment the loser was stopped from opposing on direct review*." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997); *see also Bancorp*, 513 U.S. at 22–23; *United States v. Tapia-Marquez*, 361 F.3d 535, 538 (9th Cir. 2004) ("The purpose underlying the vacatur rule in *Munsingwear* is to deny preclusive effect to a ruling that, due to mootness, *was never subjected to meaningful appellate review*."); *Pinson v. Carvajal*, 69 F.4th 1059, 1064 n.6 (9th Cir. 2023) ("The rule announced in *Munsingwear* is intended to prevent preclusion based on *an unreviewed judgment* due to happenstance or the unilateral action of the party who prevailed below."), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024).

Here, the only judgment on appeal is the district court's order denying the Attorney General's Rule 60(b)(5) motion. As such, even if *Munsingwear* vacatur were applicable at all (and it is not),[7] it would ***only*** permit vacatur of the decision

---

[7] The Attorney General has not sought vacatur of the order denying his Rule 60(b)(5) motion, and has therefore waived any such request. *See Munsingwear*, 340 U.S. at 40–41 (holding that a party can waive its right to vacatur of a lower-court order that becomes moot on appeal); *Radiant Glob. Logistics, Inc. v. Furstenau*, 951 F.3d 393, 397 (6th Cir. 2020) (per curiam) ("[V]acatur is an equitable remedy subject to the strictures of waiver and forfeiture."); *Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014) ("Arguments not raised clearly and distinctly in the opening brief are waived."). In any event, vacatur of the district court's order denying the Rule 60(b) motion would be inappropriate under *Munsingwear* because the order itself has no "enduring preclusive effect" given the repeal of the Ban. *In re Burrell*, 415 F.3d 994, 999–1000 (9th Cir. 2005); *see also United States v. Arpaio*, 951 F.3d 1001, 1006 (9th Cir. 2020) (holding purpose of *Munsingwear* is not served, and thus vacatur not warranted, where decision from which appeal is sought "precludes the attachment of legal consequences"); *In re Smith,* 964 F.2d 636, 638 (7th Cir. 1992) ("We vacate

16

denying the Rule 60(b)(5) motion, because that is the only "judgment" that the Attorney General was arguably "stopped from opposing on direct review." *Arizona*, 520 U.S. at 71. It would ***not*** permit vacatur of the underlying final judgment and injunction from 1990, from which a proper appeal was already taken (and exhausted) over three decades ago. *See Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1360 (9th Cir. 1992); *see also Paulson*, 475 F.3d at 1049; *Catanzano v. Wing*, 277 F.3d 99, 108 (2d Cir. 2001) ("It is well-established that, when a matter becomes moot on appeal, federal appellate courts will generally vacate the lower court's judgment *except where* actions attributable to one of the parties rendered the appeal moot or *the district court judgment had already been subjected to appellate scrutiny to which the losing party was entitled*. . . .").

**Second**, the Attorney General misuses similarly inapposite precedent in arguing that the repeal of the Ban presents another "changed circumstance[]" that warrants vacatur of the 1990 injunction. *See* AG Resp. at 7. For instance, he relies heavily on *Abbott*, 58 F.4th 824 to contend that the Ban's repeal provides reason to vacate the 1991 injunction. *See* AG Resp. at 2, 5, 7–8. But *Abbott* is ***not***, as the Attorney General's argument implies, a Rule 60(b)(5) vacatur case—it is another *Munsingwear* vacatur case, wherein the Fifth Circuit vacated a permanent injunction

---

unappealable decisions, to prevent them from having a preclusive effect. We do not vacate opinions, to prevent them from having a precedential effect.").

that was before it on appeal after the rule that provided the basis for the injunction was repealed, thereby rendering the case moot and thwarting any appellate review of the permanent injunction at all. *Abbott*, 58 F.4th at 831, 836–38. Thus, the Attorney General's reliance on *Abbott* is misplaced, as the animating purpose of the *Munsingwear* vacatur remedy applied there flatly precludes that same remedy from being applied to the 1990 judgment here, appellate review of which was not thwarted at all, but already occurred years ago. [8] *See Guam Soc'y of Obstetricians & Gynecologists*, 962 F.2d 1366.

**Third**, and finally, the Attorney General's claim that certain "equitable factors" support his request for vacatur, *see* AG Resp. at 8, fares no better, as it too rests on inapposite case law from the *Munsingwear* context. To be sure, considerations of relative fault in mooting a dispute are relevant to the *Munsingwear*

---

[8] Moreover, in *Abbott*, like *Becerra*, discussed *supra*, the sole basis for the *mandatory* injunction requiring the defendant to take affirmative action was the defendant's own rule, which it later eliminated, such that the legal basis for the mandatory injunctive relief no longer existed. *Abbott*, 58 F.4th at 837. As such, even looking at *Abbott* through a Rule 60(b)(5) lens, it is clear that in that case "the law underlying the order [had] change[d] to permit what was previously forbidden." *Becerra*, 978 F.3d at 714; *see Abbott*, 58 F.4th at 837 (after weighing the equities, concluding *Munsingwear* vacatur to be appropriate, in large part because of the impropriety of a court ordering a state to affirmatively "continue enforcing a policy that the state agency has repealed."). By contrast, as already noted above, the injunction here, which is *prohibitory* in nature, merely precludes the Attorney General from doing something he is otherwise still "forbidden" from doing—enforcing a repealed (and thus unenforceable) law.

vacatur inquiry.[9] But, again, the Attorney General is not actually seeking *Munsingwear* vacatur of the judgment that mootness arguably deprived him review of—the order denying his Rule 60(b)(5) motion. He is asking this Court to vacate the 1990 permanent injunction, a judgment that he himself admits was already appealed and affirmed. *See* AG Resp. at 2 (citing *Guam Soc'y of Obstetricians & Gynecologists*, 962 F.2d at 1372). As such, his vacatur request is not subject to the dictates of *Munsingwear* and its progeny, but to the rigorous standard set forth in Rule 60(b)(5), a narrow exception to the general rule of finality of judgments, under which he bears the burden of establishing both (1) that there has been "a significant change in facts or law [that] warrants revision of the decree," and (2) that "the proposed modification [is] suitably tailored to the changed circumstance." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 393 (1992)). And under Rule 60(b)(5) the "equities" the Attorney General points to regarding who "mooted the dispute," AG Resp. at 8, are irrelevant.

\* \* \*

---

[9] Indeed, as the Fifth Circuit explained in *Abbott*, *Munsingwear* vacatur is subject to certain equitable considerations, and the Supreme Court has held that "the analysis generally requires 'the party seeking relief from the status quo' of the judgment to demonstrate 'equitable entitlement to the extraordinary remedy of vacatur.'" *Abbott*, 58 F.4th at 836 (quoting *Bancorp*, 513 U.S. at 26). But those equitable considerations are neither here nor there, because *Munsingwear* vacatur is clearly inapplicable to the 1990 injunction.

In sum, the Attorney General has put forth nothing that could undermine the unavoidable conclusion here: that because there is no longer any Ban to enforce, his Rule 60(b)(5) motion is moot, and this appeal should therefore be dismissed for lack jurisdiction with the 1990 injunction intact.

## CONCLUSION

For the forgoing reasons, the Providers respectfully request that this Court dismiss the Attorney General's appeal as moot and reject his request to vacate the 1990 injunction. However, in the event this Court concludes that the appeal is not moot, the Providers request further briefing to address the impact of the Guam Supreme Court's decision on the Attorney General's ability to satisfy his burden under Rule 60(b)(5) of showing that dissolution of the 1990 injunction is warranted because "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5); *see also Bellevue*, 165 F.3d at 1255.

Dated: December 9, 2024

Respectfully submitted,

*/s/ Meagan Burrows*
Meagan Burrows
Lindsey Kaley
Zoraima Pelaez
Scarlet Kim
Johanna Zacarias
Alexa Kolbi-Molinas
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
mburrows@aclu.org
lkaley@aclu.org
zpelaez@aclu.org
scarletk@aclu.org
jzacarias@aclu.org
akolbi-molinas@aclu.org

Vanessa L. Williams
LAW OFFICE OF VANESSA L.
WILLIAMS, P.C.
414 West Soledad Avenue
GCIC Bldg., Suite 500
Hagatna, Guam 96910
(671) 487-1492
vlw@vlwilliamslaw.com

Anita P. Arriola
ARRIOLA LAW FIRM, LLC
259 Martyr Street, Suite 201
Hagatna, Guam 96910
(671) 477-9730
aarriola@arriolafirm.com

*Counsel for Plaintiffs-Appellees*