## NO. 23-15602

_____

## THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, *et al.*,
*Plaintiffs-Appellees*

v.

DOUGLAS MOYLAN, in his official capacity as Attorney General of Guam,
*Defendant-Appellant*

v.

LOURDES LEON GUERRERO, in her official capacity as Governor of Guam, *et al.*,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Guam, Case No. 1:90-CV-13
Hon. Frances Tydingco-Gatewood

_____

## GOVERNOR LEON GUERRERO'S REPLY TO APPELLANT'S
## RESPONSE TO JURISDICTIONAL QUESTION

_____

Leslie A. Travis
Jeffrey A. Moots
Daniel Morris
OFFICE OF THE GOVERNOR OF GUAM
513 West Marine Corps Drive
Ricardo J. Bordallo Governor's Complex
Hagåtña, Guam 96910
(671) 473-1117/8
leslie.travis@guam.gov

# TABLE OF CONTENTS

I.    **INTRODUCTION** ............................................................................1

II.   **ARGUMENT**.................................................................................2

    A.   *In re Leon Guerrero* moots this Appeal, and the Court should decline to reach the merits of Moylan's motion for vacatur under Rule 60(b).....2

    B.   *Munsingwear* does not require vacatur of the 1990 injunction ...............6

    C.   If necessary, vacatur review of the 1990 injunction should be remanded to the District Court.............................................................10

III.  **CONCLUSION** ...........................................................................12

# TABLE OF AUTHORITIES

## CASES

*Ada v. Guam Soc. of Obstetricians & Gynecologists*,
506 U.S. 1011 (1992) ................................................... 8

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997) ...................................................... 7

*Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*,
941 F.3d 1195 (9th Cir. 2019) .............................................. 3, 4

*Burke v. Barnes*,
479 U.S. 361 (1987) .................................................... 3

*City of Mesquite v. Aladdin's Castle, Inc.*,
455 U.S. 283 (1982) .................................................... 3

*Coca-Cola Co. v. M.R.S. Distributors Inc.*,
224 Fed. Appx. 646 (9th Cir. 2007) ...................................... 11

*Cuviello v. City of Vallejo*,
944 F.3d 816 (9th Cir. 2019) ............................................. 4

*Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*,
404 U.S. 412 (1972) .................................................... 3

*Dobbs v. Jackson Women's Health Org.*,
597 U.S. 215 (2022) .................................................... 2

*Freedom from Religious Foundation, Inc. v. Abbott*,
58 F.4th 824 (5th Cir. 2023) ............................................. 4, 8

*Guam Soc. of Obstetricians & Gynecologists v. Ada*,
962 F.2d 1366 (9th Cir. 1992) ............................................ 8

*Guam Soc. of Obstetricians & Gynecologists v. Guerrero*,
CV 90-00013, 2023 WL 2631836 (D. Guam Mar. 24, 2023) ............... 10

*Hall v. Beals*,
   396 U.S. 361 (1987) ............................................................................... 4

*Horne v. Flores*,
   557 U.S. 433 (2009) ............................................................................. 11

*In re Leon Guerrero*,
   2023 Guam 11 .............................................................................. Passim

*Jones v. Ryan*,
   733 F.3d 825 (9th Cir. 2013) ............................................................... 11

*Kremens v. Bartley*,
   431 U.S. 119 (1977) ............................................................................... 3

*Lewis v. Cont'l Bank Corp.*,
   494 U.S. 472 (1990) ............................................................................... 3

*Limtiaco v. Camacho*,
   549 U.S. 483 (2007) ............................................................................... 1

*Log Cabin Republicans v. United States*,
   658 F.3d 1162 (9th Cir. 2011) ........................................................... 3, 4

*McCorvey v. Hill*,
   385 F.3d 846 (5th Cir. 2004) ............................................................. 8, 9

*McDonald v. Lawson*,
   94 F.4th 864 (9th Cir. 2024) ............................................................... 2,3

*Missouri v. Hunter*,
   459 U.S. 359 (1983) ............................................................................... 1

*Roe v. Wade*,
   410 U.S. 113 (1973) ............................................................................... 8

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
   513 U.S. 18 (1994) ................................................................................. 7

*United States v. Munsingwear, Inc.*,
  340 U.S. 36 (1950) .......................................................................... Passim

## RULES

Federal Rules of Civil Procedure 60(b) ............................................. Passim

## OTHER AUTHORITIES

Public Law 20-134 ........................................................................ Passim

## I.    INTRODUCTION

In his Response to Jurisdictional Question ("Moylan Response"), Appellant Douglas B. Moylan, Attorney General of Guam, ("Moylan"), begrudgingly acknowledges that the Guam Supreme Court, in *In re Leon Guerrero*, 2023 Guam 11, determined that Guam Public Law No. 20-134 has been repealed by implication. *See* Moylan Response (ECF No. 62) at 9 ("The outcome of the parallel Guam Supreme Court proceedings means this appeal no longer concerns Public Law 20-134's current validity.").[1] Contrary to the weight of caselaw, however, Moylan refuses to accept that the decision moots this Appeal. He insists that the Court should proceed with resolving the merits of his Appeal notwithstanding the repeal of P.L. 20-134. He claims that *In re Leon Guerrero* constitutes a mere intervening change in law that

---

[1] Though Moylan previously indicated his intent to challenge the Guam Supreme Court's subject matter jurisdiction to issue its decision in *In re Leon Guerrero* in this Court, s*ee* Notice of Resolution (ECF No. 56) at 2, he now appears to have abandoned any further formal challenge. *See generally* Moylan Response (ECF No. 62). However, his Response continues to call into question the Guam Supreme Court's jurisdiction and further implies that the Guam Supreme Court's exercise of jurisdiction improperly "disrupted" this Appeal. Moylan has not seen fit to elevate his editorials into a formal challenge, but those editorials evince his continued reluctance to accept the Guam Supreme Court's authority to determine that P.L. 20-134 is repealed.

Nonetheless, *In re Leon Guerrero* is now Guam law. Moylan petitioned for certiorari to the U.S. Supreme Court — the only court with jurisdiction to overturn the decision — and the Court denied certiorari. As a result, *In re Leon Guerrero* is dispositive as to the status of P.L. 20-134 in this Appeal. *Missouri v. Hunter,* 459 U.S. 359, 366–68 (1983) (holding that a federal court interpreting state or territorial statutes is bound by the interpretation of such statutes by the state's or territory's highest court.); *see also Limtiaco v. Camacho*, 549 U.S. 483, 491–92 (2007) ("It may be true that we accord deference to territorial courts over matters of purely local concern").

serves as another basis to vacate the 1990 injunction pursuant to Rule 60(b). *See id.* at 11.

*In re Leon Guerrero* is not mere intervening law to be considered along with *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022) in Moylan's FRCP 60(b) Motion. Rather, the Guam Supreme Court's holding that P.L. 20-134 has been repealed resolves all claims in Plaintiff's Complaint, moots this Appeal, and deprives this Court of Article III jurisdiction. *See McDonald v. Lawson*, 94 F.4th 864, 868 (9th Cir. 2024).

Moylan's arguments urging the Court to resolve the merits of his Rule 60(b) motion, notwithstanding *In re Leon Guerrero*, should be rejected and this Appeal dismissed as moot.

## II. ARGUMENT

### A. *In re Leon Guerrero* moots this Appeal, and the Court should decline to reach the merits of Moylan's motion for vacatur under Rule 60(b)

Despite having lost in both the Guam Supreme Court and the United States Supreme Court, Moylan persists in his attempts to squeeze a victory out of this Court. He begs the Court to ignore the clear jurisdictional implications of *In re Leon Guerrero* and the U.S. Supreme Court's denial of certiorari, and proceed with resolving the merits of his Rule 60(b) motion as though neither event occurred. The Court should summarily deny Moylan's request that the Court disregard its own caselaw and hornbook legal conventions.

The U.S. Supreme Court and this Court have repeatedly held "a case is moot when the challenged statute is repealed, expires, or is amended to remove the challenged language." *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166 (9th Cir. 2011), *overruled on other grounds* by *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195 (9th Cir. 2019)*; accord Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990); *Burke v. Barnes*, 479 U.S. 361, 363 (1987); *Kremens v. Bartley*, 431 U.S. 119, 127–28 (1977)*; Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.,* 404 U.S. 412, 414–15 (1972); *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40 (1950).[2] Federal courts only adjudicate actual cases or controversies, a requirement that persists through all stages of federal judicial proceedings, including appeals. *See McDonald v. Lawson*, 94 F.4th 864, 868 (9th Cir. 2024). "To sustain [appellate] jurisdiction [], it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals…The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis* 494 U.S. 472, 477–78.

This Court has held that courts "should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless

---

[2] While courts recognize limited exceptions to the general rule that a statutory appeal moots claims challenging a statute, such exceptions do not apply here. *See, e.g., City of Mesquite v. Aladdin's Castle, Inc.* 455 U.S. 283, 289 (1982) (case was not moot when City admitted it intended to reenact "precisely the same provision" it had repealed following adverse district court judgment).

there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it." *Chambers*, 941 F.3d 1199; *see also Cuviello v. City of Vallejo*, 944 F.3d 816, 824 (9th Cir. 2019) ("The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings. When subsequent events resolve the dispute, such that no live issues remain or the parties lack a legally cognizable interest in the outcome, a case becomes moot.") (citations and quotations omitted). Even the Fifth Circuit in *Freedom from Religious Foundation, Inc. v. Abbott*, the primary authority Moylan cites in his Response, determined that the action pending before it was moot upon repeal of the enjoined regulation. 58 F.4th 824, 838 (5th Cir. 2023)

This Court has further determined that an appeal is moot "when a statutory repeal or amendment gives a plaintiff everything it hoped to achieve." *Log Cabin*, 658 F.3d at 1166. In *Log Cabin*, the Court considered an appeal from a permanent injunction against enforcement of the "Don't Ask, Don't Tell" statute on First Amendment grounds. *Id.* Congress repealed the law during the pendency of the appeal. *Id.* Observing that an appellate court determining whether a case has become moot on appeal must review the judgment "in light of the statute as it now stands, not as it did before the district court," *id.* (citing *Hall v. Beals*, 396 U.S. 361, 363 (1987)), the Court determined that there would be no Article III controversy had the plaintiff filed suit after the repeal because there would be no law to enjoin. *Id.*

4

Similarly, the repeal of P.L. 20-134 resolves all claims in this matter. The Second Amended Complaint, which Plaintiffs filed on June 26, 1990, included nine causes of actions, including violations of: (1) the right to privacy; (2) due process (vagueness); (3) free speech and freedom of association rights; (4) equal protection; (5) religious freedom; (6) freedom from slavery; (7) cruel and unusual punishment; (8) rights, privileges and immunities under the Constitution and the Organic Act; and (9) deprivation of liberty without due process. *See* GovSER-099 (Second Amended Complaint). Plaintiffs sought relief including a temporary restraining order and preliminary injunction, class certification, declaratory judgment and permanent injunction, and attorney's fees. *See* Supplemental Excerpts of Record of Appellee Lourdes Leon Guerrero, Governor of Guam (ECF No. 26) at 93-94. Were the District Court action filed today, there would be no Article III controversy, and no law to enjoin. The court would have no jurisdiction to consider this matter.

Analyzing the merits of Moylan's Motion to Vacate the Injunction pursuant to Rule 60(b), including reviewing the impact *Dobbs* would have had on P.L. 20-134 were the statute still in effect, would require the Court to exercise jurisdiction with no live case or controversy. Any decision the Court renders on this issue would constitute an impermissible advisory opinion as to the impact *Dobbs would have had* on P.L. 20-134, a law no longer in effect.

Moylan has ultimately not met his burden to rebut the presumption that *In re Leon Guerrero* rendered this action moot, and has not otherwise suggested that a

recognized exception applies. Based on the Court's established precedent, this Appeal should be deemed moot by repeal of P.L. 20-134.

### B. *Munsingwear* does not require vacatur of the 1990 injunction

In the face of overwhelming authority providing that a statute's repeal moots actions challenging the statute, Moylan strains to reframe his Rule 60(b) motion as a request that does not implicate the merits of the dispute, but rather only involves the Court's authority to direct disposition of a matter following a finding of mootness. *See* Moylan Response (ECF No. 62) at 10. Moylan has not, however, explained the apparent coincidence that the procedural request for vacatur following a finding of mootness would, by his logic, entail the same analysis as the full merits review Moylan sought in the District Court and seeks again in this repeal. Moylan's improper conflation of these distinct types of vacatur to breathe new life into his mooted appeal should not be sustained.

As discussed, Moylan's Motion to Vacate seeks a *merits* determination over which the Court lacks Article III jurisdiction because all claims in the matter were resolved by the repeal of P.L. 20-134. While Rule 60(b) might have required the reviewing court to consider whether an intervening change in controlling law warrants modification of an injunction against P.L. 20-134, as discussed, this review is no longer possible because the law has been repealed, and any decision issued on the motion would be advisory. The lack of a live controversy prevents the Court from weighing the parties' arguments on the issue.

Even if the Court accepted Moylan's attempt to reframe his request for Rule 60(b) vacatur as a request for vacatur upon a finding of mootness under *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994), he would not be entitled to the relief he seeks. The appellate court practice of vacating a lower court's judgment when a case becomes moot on appeal was established "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear,* 340 U.S. at 41. "The procedure clears the path for future litigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance…none is prejudiced by a decision which in the statutory scheme was only preliminary." *Id.* at 40; *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) ("Vacatur clears the path for future relitigation by eliminating a judgment the loser was stopped from opposing on direct review.") (quotation omitted). Courts commonly grant vacatur following a mootness finding based on evaluation of two primary criteria: whether the party seeking vacatur caused the mootness, and whether vacatur is in the public interest. *See Bancorp*, 513 U.S. at 26.

However, the *Munsingwear* process, by design, applies to vacate judgments that could not be reviewed because the matter was mooted while the appeal from that judgment was pending. *See Munsingwear*, 340 U.S. at 41; *Arizona*, 520 U.S. at 71-72. In this matter, if *Munsingwear* in fact applies, it would require vacatur of the District Court's unreviewable 2023 judgment, not the 1990 judgment Moylan asks

the Court to vacate. This Court *did* in fact review and affirm those portions of the 1990 injunction that were appealed,[3] *see id* at 1370, and the U.S. Supreme Court subsequently denied cert to review this Court's opinion. *See Ada v. Guam Soc. of Obstetricians & Gynecologists*, 506 U.S. 1011 (1992).

Moylan has failed to cite a single case in which courts have reached back into prior judgments issued in a case and subsequently reviewed and affirmed on appeal under the guise of granting a *Munsingwear* vacatur. Even *Abbott*, on which Moylan heavily relies, did not allow multiple bites at the same, previously affirmed judgment, but rather ordered vacatur of the judgment the Court could not review because the matter was mooted on appeal. *See Abbott*, 58 F.4th at 837. *Munsingwear* and its progeny neither urge nor authorize a Court to reopen and re-review a previously affirmed judgment.

Though Moylan strains to distinguish this matter from *McCorvey v. Hill*, 385 F.3d 846, 848-49 (5th Cir. 2004), the facts and issues of *McCorvey* are nearly identical to the facts here. Specifically, McCorvey appealed a 2003 district court decision denying her Rule 60(b) seeking relief from the judgment of *Roe v. Wade*, 410 U.S.

---

[3] As the Court noted in *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1369 (9th Cir. 1992), Sections 4 and 5 of P.L. 20-134 were enjoined separately on First Amendment grounds, which were not appealed. Granting Moylan's request for *Munsingwear* vacatur would not only require the Court to conduct a second review of a judgment it previously affirmed and for which cert was denied as to Sections 4 and 5, it would also require the Court to vacate those parts of the injunction that were not appealed in 1990.

8

113 (1973), which declared Texas statutes criminalizing abortion unconstitutional. In this pre-*Dobbs* decision, the *McCorvey* court determined that the Texas statutes at issue in *Roe* had been repealed by implication by other statutes passed governing abortion in the intervening thirty (30) years since *Roe* was decided. *McCorvey*, 385 F.3d at 849. Having found that the Texas statutes at issue in *Roe* had been repealed, the *McCorvey* court held that the plaintiff's Rule 60(b) motion was moot, and declined to reach the merits of the plaintiff's motion for relief from the 30-year old judgment. *Id.*

Moylan has attempted to distinguish this matter from *McCorvey* on the basis that the Rule 60(b) motion in that matter was brought by the plaintiff, who was not herself subject to the injunction and therefore had suffered no harm and had no standing to support her continued participation in the case. *See* Moylan Response (ECF No. 62) at 13. Moylan argues that, unlike McCorvey, he continues to be subject to the 1990 injunction, and therefore continues to suffer "harm" as a result. *Id*. Moylan's arguments are unavailing.

*McCorvey*'s finding of mootness was not based on plaintiff's purported lack of standing but rather on the repeal of the Texas statutes challenged in the complaint. *McCorvey*, 385 F.3d at 849. ("…[B]ecause the statutes declared unconstitutional in *Roe* have been repealed, McCorvey's 60(b) motion is moot."). The Fifth Circuit did not consider vacating the 30-year old U.S. Supreme Court judgment under *Munsingwear* once it determined the Texas statutes had been repealed, and neither

9

did the U.S. Supreme Court when it denied certiorari to review *McCorvey*'s denial of the Rule 60(b) motion to vacate *Roe*'s judgment. *Munsingwear* simply does not apply in the novel way Moylan asks the Court to apply it.

To the extent that the Court seeks to entertain Moylan's request for *Munsingwear* vacatur, such request should be properly tailored to the only judgment the Court will not have had occasion to review due to the matter's mootness – the 2023 judgment. *See Guam Soc. of Obstetricians & Gynecologists v. Guerrero*, CV 90-00013, 2023 WL 2631836 (D. Guam Mar. 24, 2023).

If the Court, however, decides to entertain Moylan's novel application of *Munsingwear*, Moylan should be required to provide legal support for his argument, and Governor Leon Guerrero should be afforded an additional opportunity to respond.

## C. If necessary, vacatur review of the 1990 injunction should be remanded to the District Court

As discussed, Moylan is not entitled to vacatur of the 1990 injunction under his moot Rule 60(b) motion or *Munsingwear*. However, if the Court determines that Moylan's request for vacatur is not moot, and that *In re Leon Guerrero* should be considered as additional basis for possible vacatur along with *Dobbs*, the issue should be remanded to the District Court for review in the first instance.

As Governor Leon Guerrero discussed in her Answering Brief, the district court ordinarily conducts the initial Rule 60(b) inquiry. Answering Brief of Appellee Lourdes A. Leon Guerrero, Governor of Guam ("Governor's Answering Brief") (ECF

No. 25) at 33. Governor Leon Guerrero urged the Court, if it determined that the District Court's denial of Moylan's motion to vacate the 1990 injunction based on his failure to address a dispositive argument in Plaintiffs' opposition does not sufficiently address the merits of Moylan's FRCP 60(b) motion, to order remand to the District Court for further findings. *Id.* The District Court certainly did not have the opportunity to address the new argument Moylan has added to his Rule 60(b) rubric — that *In re Leon Guerrero* supports his motion for Rule 60(b) vacatur. If a new 60(b) review must be conducted, the appropriate course is to remand this matter to the District Court for further proceedings. *See Horne v. Flores*, 557 U.S. 433, 471 (2009) (ordering remand to the District Court for Rule 60(b)(5) analysis); *see also Coca-Cola Co. v. M.R.S. Distributors Inc.,* 224 Fed. Appx. 646, 646–47 (9th Cir. 2007) (remanding where the District Court failed to provide "reasoned basis for its decision" and the Court could not "meaningfully review the district court's denial" of Rule 60(b)(5) motion); *cf. Jones v. Ryan*, 733 F.3d 825, 838–39 (9th Cir. 2013) (acknowledging that district court ordinarily conducts Rule 60(b) inquiry in the first instance).

Even if this Appeal were not mooted by *In re Leon Guerrero*, it is certainly not the appropriate forum for Moylan to workshop new ideas in support of his Rule 60(b) motion, and the issue should more appropriately be remanded to the District Court for review in the first instance.

## III.   CONCLUSION

For the foregoing reasons, the Court should dismiss this appeal as moot and deny Moylan's request for vacatur of the 1990 injunction.

*Respectfully submitted* this 10th day of December, 2024 (CHST) (December 9, 2024 (PDT)).


**OFFICE OF THE GOVERNOR OF GUAM**


  */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**
*Attorney for Defendant-Appellee*
Lourdes A. Leon Guerrero, Governor of Guam
OFFICE OF THE GOVERNOR OF GUAM
513 West Marine Corps Drive
Ricardo J. Bordallo Governor's Complex
Hagåtña, Guam 96910
(671) 473-1117/8
leslie.travis@guam.gov