No. 23-15602

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, ET AL.,
*Plaintiffs-Appellees*

v.

DOUGLAS MOYLAN,
*Defendant-Appellant*

v.

LOURDES LEON GUERRERO,
*Defendants-Appellees.*

On Appeal from the United States District Court for the
District of Guam, No. 1:90-cv-13 (Tydingco-Gatewood, J.)

## APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Douglas B. Moylan
 Attorney General of Guam
OFFICE OF THE ATTORNEY
 GENERAL OF GUAM
590 S. Marine Corps Dr., Ste. 901
Tamuning, GU 96913
(671) 475-3324
dbmoylan@oagguam.org

Tyler R. Green
CONSOVOY MCCARTHY PLLC
222 S. Main St., 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Gilbert C. Dickey
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com

May 12, 2025

*Counsel for Defendant-Appellant*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................... iii
Rule 40 Statement ....................................................................................................... 1
Background .................................................................................................................. 1
Reasons for Granting the Petition ............................................................................ 5
    I.   The panel should grant the petition and vacate the district court's injunction. .. 5
    II.  In the alternative, the en banc Court should grant the petition to address Rule 60(b)(5) relief, mootness, and vacatur. ............................................. 8
    III. The panel's order conflicts with precedent. ............................................. 11
Conclusion ................................................................................................................. 14
Certificate of Compliance ........................................................................................ 15
Certificate of Service ................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Agostini v. Felton*,
　521 U.S. 203 (1997) ................................................................................................ 8

*Alaska Wildlife All. v. Haaland*,
　2024 WL 4890996 (9th Cir. 2024) ....................................................................... 13

*Arizonans for Official English v. Arizona*,
　520 U.S. 43 (1997) ............................................................................................... 10

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
　941 F.3d 1195 (9th Cir. 2019) ............................................................................ 6, 7

*Biden v. Feds for Med. Freedom*,
　144 S. Ct. 480 (2023) ........................................................................................... 12

*Boquist v. Courtney*,
　2024 WL 4211478 (9th Cir. 2024) ....................................................................... 13

*California v. EPA*,
　978 F.3d 708 (9th Cir. 2020) ......................................................................... passim

*Chem. Producers & Distributors Ass'n v. Helliker*,
　463 F.3d 871 (9th Cir. 2006) ................................................................................. 6

*Church of Scientology of Cal. v. United States*,
　506 U.S. 9 (1992) ................................................................................................... 6

*Dobbs v. Jackson Women's Health Org.*,
　597 U.S. 215 (2022) ............................................................................................... 2

*Doe #1 v. Biden*,
　2 F.4th 1284 (9th Cir. 2021) ................................................................................ 13

*Freedom From Religion Found. v. Abbott*,
　58 F.4th 824 (5th Cir. 2023) ...................................................................... 7, 9, 10

*GATX/Airlog Co. v. U.S. Dist. Ct. for N. Dist. of Cal.*,
　192 F.3d 1304 (9th Cir. 1999) ............................................................................. 12

*Guam Soc. of Obstetricians & Gynecologists v. Ada*,
　776 F. Supp. 1422 (D. Guam 1990) ...................................................................... 2

*Guam Soc'y of Obstetricians and Gynecologists v. Ada*,
　962 F.2d 1366 (9th Cir. 1992) ............................................................................... 2

*Horne v. Flores*,
　557 U.S. 433 (2009) ..................................................................................... 8, 9, 11

*In re Leon Guerrero*,
  2023 Guam 11 (Guam 2023) .................................................................. 3, 5, 7

*Kamat v. U.S. Citizenship & Immigr. Servs.*,
  2024 WL 3100288 (9th Cir. 2024) .................................................................13

*Kendall v. Doster*,
  144 S. Ct. 481 (2023) ......................................................................................12

*Moylan v. Guerrero*,
  No. 23-828, 2024 WL 4426533 (Oct. 7, 2024) ............................................... 4

*NASD Disp. Resol., Inc. v. Jud. Council of Cal.*,
  488 F.3d 1065 (9th Cir. 2007) .......................................................................12

*Paulson v. City of San Diego*,
  475 F.3d 1047 (9th Cir. 2007) ............................................................6, 8, 9, 11

*Planned Parenthood of Se. Pa.. v. Casey*,
  505 U.S. 833 (1992) ......................................................................................... 2

*Redd v. Guerrero*,
  122 F.4th 1203 (9th Cir. 2024) ......................................................................12

*Roe v. Wade*,
  410 U.S. 113 (1973) ......................................................................................... 2

*SEIU v. Nat'l Union of Healthcare Workers*,
  598 F.3d 1061 (9th Cir. 2010) ....................................................................9, 11

*Teter v. Lopez*,
  125 F.4th 1301 (9th Cir. 2025) ........................................................... 1, 12, 13

*Turtle Mountain Band of Chippewa Indians v. N.D. Legis. Assembly*,
  144 S. Ct. 2709 (2024) ...................................................................................12

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
  513 U.S. 18 (1994) .............................................................................6, 10, 11

**Statutes**

Guam Pub. L. 20-134 §3 (1990) .................................................................. 1, 2, 3

**Other Authorities**

13C Wright & Miller, *Federal Practice & Procedure* §3533.10 (3d ed.) .................. 5

**Rules**

Fed. R. App. P. 40 ................................................................................................1, 12
Fed. R. App. P. 60 ...........................................................................................passim

## RULE 40 STATEMENT

Although the panel dismissed this case as moot, it did not vacate the district court's final judgment. The Attorney General thus remains bound by an injunction that the federal courts lack jurisdiction to review. Supreme Court and Ninth Circuit precedent require that the panel vacate that final judgment. Fed. R. App. P. 40(b)(2)(a)-(b).

The en banc Court settled these issues earlier this year in *Teter v. Lopez*, 125 F.4th 1301 (9th Cir. 2025) (en banc). When a case becomes moot on appeal, the "normal practice" of this Court is to vacate the district court's judgment. *Id.* at 1309. The exceptions are narrow, and none apply here because the Attorney General, as the party requesting vacatur, "did not cause this case to become moot." *Id.* But if that injunction remains in place, then the appeal isn't moot; the Attorney General remains bound—and thus injured—by the final judgment. *See California v. EPA*, 978 F.3d 708, 714 (9th Cir. 2020). And that means he can seek relief from the judgment under Rule 60(b)(5). In either case, vacatur is required.

The panel should thus grant the petition and vacate the district court's final judgment. In the alternative, the en banc Court should grant the petition to correct the deviations from its "normal practice" of vacatur. *Teter*, 125 F.4th at 1309.

## BACKGROUND

**A.** In 1990, the Territory of Guam enacted Public Law 20-134, effectively prohibiting abortion in Guam. *See* Guam Pub. L. 20-134 §3 (1990) (prohibiting any

1

person from "[p]roviding or administering drug[s] or employing means to cause abortion"). Shortly after P.L. 20-134's passage, the Guam federal district court permanently enjoined its enforcement based solely on *Roe v. Wade*, 410 U.S. 113 (1973). Though Plaintiffs raised a number of claims, the district court found that "*Roe v. Wade* applies in Guam*,*" and that it recognizes a "qualified right to obtain an abortion." *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 776 F. Supp. 1422, 1428-29 (D. Guam 1990). On this basis, the district court permanently enjoined P.L. 20-134. This Court affirmed, explaining that "[i]f the core of *Roe* remains good law, then, the Act is clearly unconstitutional." *Guam Soc'y of Obstetricians and Gynecologists v. Ada*, 962 F.2d 1366, 1372 (9th Cir. 1992).

**B.** On June 24, 2022, the Supreme Court issued its opinion in *Dobbs v. Jackson Women's Health Organization*, holding that "*Roe* was egregiously wrong from the start," 597 U.S. 215, 231 (2022), and overruling both *Roe* and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992). *Dobbs* rejected a constitutional right to abortion and the undue-burden standard for evaluating abortion laws. 597 U.S. at 292.

After taking office in 2023, Appellant Douglas Moylan, the Attorney General of Guam, moved the district court under Federal Rule of Civil Procedure 60(b)(5) to vacate the 1990 permanent injunction of P.L. 20-134 in light of *Dobbs*. The Attorney General contended that *Dobbs* eliminated the only legal and equitable basis for that injunction. ER-247–248. Several parties—both plaintiffs and defendants in the original action and proposed intervenors—opposed the motion, arguing various reasons for the

2

injunction to remain in place. ER-32, 61, 131. No party disagreed, however, that the injunction of Sections 2 and 3 rises or falls entirely with *Roe*. The district court denied the Attorney General's motion, and the Attorney General filed this appeal.

**C.** Meanwhile, Guam's current Governor sought a declaratory judgment from the Guam Supreme Court on three questions pertaining to P.L. 20-134: whether P.L. 20-134 is "void forever," whether the Guam Legislature had authority to enact P.L. 20-134, and whether P.L. 20-134 had been "repealed by implication." ECF No. 38 at 9. At least one of the Plaintiffs in this suit appeared as an amicus to argue that P.L. 20-134 was a nullity. *Id* at 11.

Before the parties completed merits briefing in this appeal, the Guam Supreme Court issued an opinion holding that P.L. 20-134 had been impliedly repealed. *In re Leon Guerrero*, 2023 Guam 11, ¶3 (Guam 2023). That court first held that it would "reach the merits despite the lack of an injury in fact." *Id.* ¶21. The court said that it would not require an injury in fact because "the case presents a purely legal issue" of "great public interest" and satisfies the requirements of Guam's declaratory judgment law. *Id.* ¶22. The Guam Supreme Court then concluded that the enactment of other abortion restrictions and regulations while the injunction was in place had impliedly repealed P.L. 20-134. *Id.* ¶52-55. It found that P.L. 20-134 could not be harmonized with later laws "establishing guidelines and requirements for the performance of abortion, including conditions surrounding reporting and consent." *Id.* ¶52.

3

Both Plaintiff-Appellees and the Governor filed the Guam Supreme Court's opinion with this Court. ECF Nos. 27, 38. In a Rule 28(j) letter, Plaintiffs-Appellees contended that this appeal "is moot" and "should be dismissed." ECF No. 38.

The Attorney General filed a petition for a writ of certiorari seeking review of that Guam Supreme Court decision. This Court stayed the present appeal pending the U.S. Supreme Court's resolution of that petition. ECF No. 49. On October 7, 2024, the U.S. Supreme Court denied the petition. *Moylan v. Guerrero*, No. 23-828, 2024 WL 4426533 (Oct. 7, 2024).

After the Supreme Court denied certiorari, the Attorney General requested supplemental briefing to address the impact of the Guam Supreme Court's decision on this appeal. ECF No. 56. The Governor filed a response arguing that this Court should dismiss the appeal as moot. ECF No. 57. This Court then ordered the Attorney General to "explain why this court should not dismiss this appeal as moot." ECF No. 61.

On November 27, the Attorney General responded to the jurisdictional issues, explaining that so long as the permanent injunction remains in place, the appeal is not moot. ECF No. 62. The Attorney General requested that the Court remand with instructions to vacate the injunction or, at a minimum, set a schedule for further briefing on whether the injunction should be vacated. The Governor and Plaintiffs filed responses, asking the Court to dismiss the appeal as moot without vacating the permanent injunction. ECF Nos. 63, 64.

On April 28, 2025, this Court issued an order dismissing the appeal as moot without vacating the permanent injunction. The order noted that the Court "received the responses to the November 7, 2024 order," and "dismiss[es] this appeal as moot in light of *In re Leon Guerrero*, 2023 Guam 11 (Guam Oct. 31, 2023)." ECF No. 69. The Attorney General remains subject to the permanent injunction.

## REASONS FOR GRANTING THE PETITION

The panel's April 28 order dismissing the appeal contained an error: it should have vacated the district court's injunction. Vacatur is ordinarily required when a case has become moot on appeal. Correcting that error is straightforward: the panel should grant this petition and vacate the district court's injunction. If the panel declines to fix that error, the en banc Court should grant the petition to address vacatur, mootness, and the Attorney General's right to Rule 60(b)(5) relief.

## I. The panel should grant the petition and vacate the district court's injunction.

This Court's order dismissing the case as moot must be accompanied by vacatur of the district court's permanent injunction. The "[d]eath of the case pending appeal ousts power to decide the merits, but does not defeat appellate authority to direct proper disposition in response to the finding of mootness." 13C Wright & Miller, *Federal Practice & Procedure* §3533.10 (3d ed.). Rather, "vacatur must be decreed for those judgments whose review … has 'become moot due to circumstances unattributable to any of the parties.'" *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994).

5

This case checks all the boxes requiring vacatur. This Court "dismiss[ed] this appeal as moot in light of *In re Leon Guerrero*," ECF No. 69, which issued while this "case [was] pending on appeal," and which in this Court's view must make it "impossible for the court to grant 'any effectual relief whatever' to a prevailing party," *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). "Because the appea[l] [was] mooted due to" that intervening event, "and not through any voluntary action of the parties," the Court must "VACATE" the underlying injunction. *Paulson v. City of San Diego*, 475 F.3d 1047, 1048-49 (9th Cir. 2007) (remanding "to the district court with instructions to VACATE the May 3, 2006 order to enforce the 1991 injunction").

The Guam Supreme Court is the entity that "'caused the case to become moot,'" which is the "principal condition" to determine whether vacatur is appropriate. *U.S. Bancorp Mortg.*, 513 U.S. at 24. The Attorney General *opposed* the Guam Supreme Court's intervention, so mootness can't possibly be blamed on his "voluntary action." *Id.* To the extent any party could be said to have "caused" the mootness, it would be the Governor, who sought the declaratory judgment that this Court said mooted this case. *See* ECF No. 38 at 9-11; *cf. Chem. Producers & Distributors Ass'n v. Helliker*, 463 F.3d 871, 879 (9th Cir. 2006) ("Lobbying Congress or a state legislature cannot be viewed as 'causing' subsequent legislation for purposes of the vacatur inquiry."), *overruled in part by Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195 (9th Cir. 2019) (en banc). No one has (or could) attribute mootness to the Attorney General, which is the

6

only kind of "voluntary cessation" that might warrant leaving the judgment in place. *Bd. of Trs.*, 941 F.3d at 1198.

It makes no difference to the vacatur requirement that the Guam Supreme Court declared the challenged law was "repealed by implication." *Guerrero*, 2023 Guam 11, ¶60. "[T]he repeal, amendment, or expiration of challenged legislation" during the course of appeal each require the court to "vacate the judgment." *Bd. of Trs.*, 941 F.3d at 1198, 1200; *see also Freedom From Religion Found. v. Abbott*, 58 F.4th 824, 837 (5th Cir. 2023); *California v. EPA*, 978 F.3d at 714. But the Attorney General remains enjoined from enforcing a law that the Guam Supreme Court held "has been repealed." *Guerrero*, 2023 Guam 11, ¶60. As this Court recently confirmed, "even if an injunction appears to 'do no harm to the defendant,' it necessarily does so by its nature." *California v. EPA*, 978 F.3d at 717. The Court should thus grant the petition for the limited purpose of vacating the injunction.

The Appellees' arguments don't justify deviating from these established principles. The Plaintiffs argued in their jurisdictional reply brief that vacatur doesn't apply because the district court's judgment "has not been rendered unreviewable due to mootness," because it was "already appealed and affirmed by this Court." ECF No. 63 at 10-11. But the Attorney General sought equitable relief from that judgment under Rule 60(b)(5). Under the panel's dismissal order, that relief is now unavailable, and the Attorney General remains forever bound by an unreviewable injunction. "Because the appea[l] [was] mooted due to" that intervening event, "and not through any voluntary

7

action of the parties," the Court must "VACATE" the judgment binding the Attorney General. *Paulson*, 475 F.3d at 1048-49.

## II. In the alternative, the en banc Court should grant the petition to address Rule 60(b)(5) relief, mootness, and vacatur.

The panel's judgment subjects the Attorney General to an impossibility: he must abide by a federal court injunction over which the federal courts lack jurisdiction. If the panel declines to vacate the injunction, the en banc Court should grant the petition to address Rule 60(b)(5) relief, mootness, and vacatur.

Rule 60(b)(5) permits a district court to "relieve a party or its legal representative from a final judgment" that "is based on an earlier judgment that has been reversed or vacated" or when "applying [the injunction] prospectively is no longer equitable." Though the Rule's text implies discretion, "once a party carries" its burden to demonstrate that "changed circumstances warrant relief," a "court abuses its discretion 'when it refuses to modify an injunction.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)). "An unbroken line of Supreme Court cases makes clear that it is an abuse of discretion to deny a modification of an injunction after the law underlying the order changes to permit what was previously forbidden." *California v. EPA*, 978 F.3d at 713-14.

The changed circumstances—the United States Supreme Court's decision in *Dobbs* and the Guam Supreme Court's decision in *In re Leon Guerrero*—provide a basis to vacate the injunction. A court should vacate or modify an injunction when "'a

8

significant change either in factual conditions or in law'" warrants revision of the judgment. *Horne*, 557 U.S. at 447. As the Attorney General explained in his opening brief, the overruling of *Roe v. Wade* was one change requiring vacatur of the injunction since that decision had been the sole basis for the injunction. ECF No. 15 at 22-27. The Guam Supreme Court's decision provides yet another reason: the repeal of a law whose enforcement was enjoined. *See Paulson*, 475 F.3d at 1048-49.

Rather than recognizing that the law's repeal requires Rule 60(b)(5) relief, the panel treated it as a reason this appeal is "moot." ECF No. 69. But because the Attorney General remains subject to the permanent injunction, dismissing the appeal as moot makes no sense. "'The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot.'" *SEIU v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010). Because this Court could still grant Rule 60(b)(5) relief—indeed, the case is now stronger "in light of *In re Leon Guerrero*," ECF No. 69—the appeal is not moot.

In any event, vacatur would still be required even if the appeal were moot. "Ordinarily, a permanent injunction relating to a challenged law or regulation cannot continue after the law or regulation is removed." *Freedom From Religion Found.*, 58 F.4th at 837 (vacating permanent injunction against enforcement of a rule after the rule was repealed); *see also California v. EPA*, 978 F.3d at 714 ("[A] change in law that alters a party's legal duty requires modification of an injunction that is based on superseded

9

law."). Take, for example, *Freedom From Religion Foundation*. There, the district court enjoined the state from enforcing against the plaintiff certain rules about a program that allowed exhibits to be displayed in the Texas Capitol because the rules violated the Constitution. 58 F.4th at 830-31. The state then repealed the program altogether. *Id.* at 831. The Fifth Circuit vacated the injunction because it would be "meaningless" to "order[] state officials not to exclude the Foundation from participation in a program that no longer exists." *Id.* at 837. The same is true here. An injunction preventing the Attorney General from enforcing a statute that "no longer exists" would be meaningless and should be vacated.

Other equitable factors also cut in favor of vacatur here. Courts often look to whether mootness is the result of "unilateral action of the party who prevailed in the lower court." *U.S. Bancorp Mortg.*, 513 U.S. at 23. Here, the parties who prevailed below and who now seek to dismiss this appeal are the same parties who sought and obtained the very decision that mooted the dispute. The Governor sought the Guam Supreme Court's decision with support of at least one Plaintiff as an amicus. ECF Nos. 9-10, 11. Since vacatur is ordinarily appropriate when mootness occurs "through happenstance" or "circumstances not attributable to the parties," it is even more appropriate here since the mootness was brought about by a party seeking to keep the injunction in place. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997). Those parties should not be able *both* to uproot the underlying law *and* to preserve an injunction against the law they've uprooted.

10

The Appellees argued that vacatur of the final judgment is inappropriate because the Attorney General seeks review of the order denying Rule 60(b)(5) relief, not direct review of the final judgment. *See* ECF No. 63 at 14-16. But Rule 60(b)(5) is itself a review the final judgment. The only reason this Court declined "a more extensive vacatur" in *Paulson* was because it was reviewing an affirmative order "to enforce" an older injunction. 475 F.3d at 1049. Here, there's no subsequent order compelling compliance—the Attorney General remains bound by the district court's injunction. If the Guam Supreme Court's order renders the injunction unreviewable, then dismissal *plus* vacatur is necessary. *See U.S. Bancorp Mortg.*, 513 U.S. at 23. On the other hand, if the Guam Supreme Court's order brought about "changed circumstances" by repealing the underlying law, then this appeal is not moot—it's just another reason Rule 60(b)(5) relief is required. *Horne*, 557 U.S. at 447. The better view is that the appeal isn't moot, and the Court should grant Rule 60(b)(5) relief. But either way, vacatur is necessary.

**III. The panel's order conflicts with precedent.**

The panel's two-sentence order never explains why this case is moot when the Attorney General remains bound by the permanent injunction. The injunction necessarily injures the Attorney General. *California v. EPA*, 978 F.3d at 717. The Attorney General seeks relief from that judgment under Rule 60(b)(5). Because this Court can "grant such relief, the matter is not moot." *SEIU*, 598 F.3d at 1068. The panel gave no rationale that would justify deviating from those precedents.

11

Even if the matter were moot, failing to vacate the judgment here would deviate from settled precedent from the Supreme Court and this Court—including a recent en banc case raising these issues. *See* Fed. R. App. P. 40(b)(2)(a)-(b). Vacatur following mootness on appeal is the routine practice of the Supreme Court. *See, e.g.*, *Turtle Mountain Band of Chippewa Indians v. N.D. Legis. Assembly*, 144 S. Ct. 2709 (2024); *Biden v. Feds for Med. Freedom*, 144 S. Ct. 480 (2023); *Kendall v. Doster*, 144 S. Ct. 481 (2023).

Vacatur is also the "normal practice" of this Court. *Teter*, 125 F.4th at 1309. The "general rule" applies here because "mootness was brought about by the independent action of a third party" (the Guam Supreme Court), not by "'the party seeking relief from the judgment'" (the Attorney General). *GATX/Airlog Co. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 192 F.3d 1304, 1308 (9th Cir. 1999). "'Both the Supreme Court and this court have recognized exceptions to this practice if the *party seeking appellate relief* fails to protect itself or is the cause of subsequent mootness.'" *NASD Disp. Resol., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007). Because the Attorney General actively opposed the Guam Supreme Court's order that "moot[ed]" this case, ECF No. 69, the exceptions don't apply. Neither do the "three equitable considerations" apply that this Court considers when deciding whether to vacate a "panel opinion." *Redd v. Guerrero*, 122 F.4th 1203, 1205 (9th Cir. 2024) (Berzon, J., respecting the denial of rehearing en banc). The panel never issued an opinion on the merits—the only issue is whether the district court's judgment binding the Attorney General should be vacated. In this circumstance, "vacatur is appropriate." *GATX*, 192 F.3d at 1308.

Earlier this year, the en banc Court reminded litigants of these settled principles. *See Teter*, 125 F.4th at 1309. The general rule applies because the Attorney General is the party requesting vacatur, and he "did not cause this case to become moot." *Id.* And no party suggests that the Guam Supreme Court is "likely" to un-moot the case by reversing its declaratory judgment in "an effort to manipulate [this Court's] jurisdiction." *Id.* at 1309-10 (addressing legislative repeal). Finally, the en banc Court confirmed that when the party seeking vacatur "*lost* in the district court," he has a paradigmatic interest in vacating the "ongoing effect the judgment" which "could only be harmful to him." *Id.* at 1310.

Vacatur of the judgment following mootness is so well established that this Court treats it as routine. *See, e.g.*, *Boquist v. Courtney*, 2024 WL 4211478, at *2 (9th Cir. 2024). Vacatur requires little more than a sentence or two applying the general rule. *See, e.g.*, *Doe #1 v. Biden*, 2 F.4th 1284, 1285 (9th Cir. 2021); *Alaska Wildlife All. v. Haaland*, 2024 WL 4890996, at *1 (9th Cir. 2024). The motions are often "unopposed." *Kamat v. U.S. Citizenship & Immigr. Servs.*, 2024 WL 3100288, at *1 (9th Cir. 2024). These cases make the panel's two-sentence deviation from this "normal practice" all the more troubling for circuit precedent. *Teter*, 125 F.4th at 1309. If the Court is going to carve out new exceptions to mootness or vacatur, the en banc Court must provide a reasoned explanation for that new law.

\* \* \*

The en banc Court can efficiently dispose of this case by granting the petition for rehearing, dismissing the appeal, and vacating the injunction. To the extent the Court has any doubts about these issues, it should grant the petition and rehear the case to address vacatur, mootness, and the Attorney General's right to Rule 60(b)(5) relief.

## CONCLUSION

The panel should grant the petition for rehearing and vacate the district court's injunction. In the alternative, the en banc Court should grant the petition.

Dated: May 12, 2025

Respectfully submitted,

*/s/ Tyler R. Green*

Douglas B. Moylan
Attorney General of Guam
OFFICE OF THE ATTORNEY
 GENERAL
OF GUAM
590 S. Marine Corps Dr., Ste. 901
Tamuning, GU 96913
(671) 475-3324
dbmoylan@oagguam.org

Tyler R. Green
CONSOVOY MCCARTHY PLLC
222 S. Main St., 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Gilbert C. Dickey
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com

*Counsel for Defendant-Appellant*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form11instructions.pdf

**9th Cir. Case Number(s)** 23-15602

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

☉ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 3,565.
*(Petitions and responses must not exceed 4,200 words)*

**OR**

○ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** /s/ Tyler Green  **Date** 5/12/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing petition on May 12, 2025, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

Dated: May 12, 2025  /s/ *Tyler R. Green*