## NO. 23-15602

### THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, *et al.*,
*Plaintiffs-Appellees*

v.

DOUGLAS MOYLAN, in his official capacity as Attorney General of Guam,
*Defendant-Appellant*

v.

LOURDES LEON GUERRERO, in her official capacity as Governor of Guam, *et al.*,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Guam, Case No. 1:90-CV-13
Hon. Frances Tydingco-Gatewood

### GOVERNOR LEON GUERRERO'S RESPONSE TO PETITION FOR
### REHEARING AND REHEARING EN BANC

Leslie A. Travis
Jeffrey A. Moots
OFFICE OF THE GOVERNOR OF GUAM
513 West Marine Corps Drive
Ricardo J. Bordallo Governor's Complex
Hagåtña, Guam 96910 (671) 473-1117/8
leslie.travis@guam.gov

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................1

II.  BACKGROUND ........................................................................2

III. ARGUMENT ...............................................................................4

   A. Governing Standard for Rehearing En Banc....................................5

   B. The Petition Fails to Meet the Standard for Panel Rehearing........................6

   C. The Petition Does Not Identify a Conflict with Controlling Authority or a Question of Exceptional Importance ...............................................8

   D. The Petition's Rule 60(b)(5) Arguments Do Not Support Rehearing...........12

IV. CONCLUSION .............................................................................14

# TABLE OF AUTHORITIES

Cases          Page(s)

*Anderson v. Knox,*
   300 F.2d 296 (9th Cir. 1962) ................................................................. 5, 7
*Armster v. U.S. Dist. Court,*
   806 F.2d 1347 (9th Cir. 1986) .................................................................. 6
*California v. EPA,*
   978 F.3d 708 (9th Cir. 2020) ................................................................... 7
*Dobbs v. Jackson Women's Health Organization,*
   597 U.S. 215 (2022) ................................................................................ 2
*Freedom From Religion Found., Inc. v. Abbott,*
   58 F.4th 824 (5th Cir. 2023) ................................................................ 3, 7
*Guam Soc'y of Obstetricians and Gynecologists v. Ada,*
   962 F.2d 1366 (9th Cir. 1992) ................................................................. 2
*Hart v. Massanari,*
   266 F.3d 1155 (9th Cir. 2001) ................................................................. 9
*Home v. Flores,*
   557 U.S. 433 (2009) ................................................................................ 7
*In re Request of Lourdes A. Leon Guerrero,*
   2023 Guam 11 .................................................................................. 2, 3, 7
*McCorvey v. Hill,*
   385 F.3d 846 (5th Cir. 2004) ................................................................. 10
*Paulson v. City of San Diego,*
   475 F.3d 1047 (9th Cir. 2007) ............................................................ 7, 10
*Roe v. Wade,*
   410 U.S. 113 (1973) ................................................................................ 2
*Teter v. Lopez,*
   125 F.4th 1301 (9th Cir. 2025) ................................................... 1, 5, 9, 10
*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,*
   513 U.S. 18 (1994) .................................................................................. 7
*United States v. Molina-Tarazon,*
   285 F.3d 807 (9th Cir. 2002) ............................................................... 5, 7
*United States v. Munsingwear, Inc.,*
   340 U.S. 36 (1950) .................................................................................. 4

Rules

Fed. R. App. P. 40 ..............................................................Passim
Fed. R. App. P. 40(b)(2) .................................................. 9, 13
Fed. R. Civ. P. 60(b)(5)...................................................Passim

Other Authorities

Guam Public Law No. 20-134.................................................. 2, 3

## I.    INTRODUCTION

Attorney General Moylan's petition for panel rehearing and rehearing en banc under FRAP 40 should be denied because it does not meet the standard for either. The petition identifies no point of law or fact the panel overlooked or misapprehended. It identifies no actual conflict with controlling authority and raises no question of exceptional importance. Instead, it repeats arguments the panel already considered and properly rejected, and attempts to stretch the Court's recent decision in *Teter v. Lopez*, 125 F.4th 1301 (9th Cir. 2025) (en banc) to argue that mootness on appeal requires vacatur of all prior judgments, including decades old judgments not before the Court. The petition characterizes vacatur in these circumstances as the Court's "normal practice," but that characterization rests on an overreading of precedent addressing vacatur of the judgment on appeal, not final judgments long outside the scope of appellate review. *Teter* does not support that proposition and, on its face, addressed vacatur *only* of the judgment then on appeal.

The petition fails to meet the threshold requirements for rehearing and instead seeks reconsideration of arguments the panel has already rejected. Rehearing is not a do-over for arguments the panel has already considered and rejected. The petition should be denied.

## II.    BACKGROUND

In 1990, the District Court of Guam entered an injunction enjoining enforcement of Guam Public Law No. 20-134, a ban on abortion in Guam that the court concluded did not comply with then-controlling Supreme Court precedent, including *Roe v. Wade*, 410 U.S. 113 (1973). The District Court's decision was appealed immediately to this Court, which affirmed. *Guam Soc'y of Obstetricians and Gynecologists v. Ada*, 962 F.2d 1366, 1372 (9th Cir. 1992).

In 2023, following the overturn of *Roe* in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), Appellee Lourdes A. Leon Guerrero, Governor of Guam, filed a request for declaratory judgment in the Supreme Court of Guam seeking a determination of the validity of P.L. 20-134, specifically whether the measure had been impliedly repealed by subsequent legislation enacted by the Guam Legislature regulating abortion services. Req. for Declaratory J. at 18, *In re Request of Lourdes A. Leon Guerrero*, 2023 Guam 11 (No. CRQ23-001).

Shortly after the Governor filed her action in the Guam Supreme Court, Appellant Douglas B. Moylan, Attorney General of Guam, moved to vacate the injunction in the District Court pursuant to Federal Rule of Civil Procedure 60(b)(5). ER-247–248. After receiving full briefing, the District Court denied the Attorney General's motion on March 24, 2023, ER-002–005, and he appealed to this Court. The March 24 order from which the Attorney General appealed did not enter the

injunction he now seeks to vacate. Rather, the only order before the panel was the denial of the Attorney General's motion to vacate the injunction entered in 1990.

On October 31, 2023, the Guam Supreme Court issued its Opinion in *In re Leon Guerrero*, holding that P.L. 20-134 had been impliedly repealed by later-in-time laws passed by the Guam Legislature. 2023 Guam 11 ¶¶ 23-31.

On November 7, 2024, this Court ordered the Attorney General to file a brief explaining why the Court should not dismiss the appeal as moot. Order, ECF No. 61. In his response, ECF No. 62, Attorney General Moylan argued that while *In re Leon Guerrero* resolved P.L. 20-134's validity, it did not moot his Rule 60(b)(5) motion and instead provided an additional basis for vacatur of the 1990 injunction. ECF No. 62 at 5. Specifically, the Attorney General claimed he was entitled to vacatur because he was harmed by continued application of the injunction notwithstanding P.L. 20-134's repeal. *Id.* at 9.

Citing to *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824 (5th Cir. 2023), the Attorney General claimed that the permanent injunction should be vacated because the injunction preventing him from enforcing an invalid statute "would be meaningless." ECF No. 62 at 8.

In her Reply to the Attorney General's Response to Jurisdictional Question, Governor Leon Guerrero argued that repeal of P.L. 20-134 ended the controversy between the parties, thereby mooting the underlying action and this appeal, and

depriving the Court of Article III jurisdiction. ECF No. 64 at 2-5. The Governor further argued that, while circuit courts may vacate lower court judgments when a case becomes moot on appeal, such vacatur applies only as to judgments *from which the appeal was taken*, not from judgments issued and affirmed by this Court decades ago, as is the case here. *Id.* at 6-10 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950)).

Plaintiffs-Appellees ("the Providers") likewise argued that repeal of P.L. 20-134 mooted the appeal, and that the Court should dismiss the action for lack of Article III jurisdiction. ECF No. 63 at 5. The Providers also argued that the *Munsingwear* vacatur was not available to lift the 1990 injunction, which had not been rendered unreviewable due to mootness and had been appealed and affirmed more than thirty years ago. *Id.* at 11.

On April 28, 2025, this Court issued an order dismissing this appeal as moot in light of *In Re Leon Guerrero*. ECF No. 69.

## III.   ARGUMENT

The petition does not meet the requirements for panel rehearing or rehearing en banc. It merely repeats the same arguments the Attorney General previously made in his jurisdictional briefing. The Attorney General has not identified a point of law or fact the panel overlooked or misapprehended. Further, though the Attorney General cites recent authority from this Court he claims supports his position that he

is entitled to *Munsingwear* vacatur, *Teter v. Lopez*, 125 F.4th 1301 (9th Cir. 2025) (en banc), the Court's dismissal order does not conflict with *Teter*. Rather, the Attorney General seeks rehearing because the Court did not *extend Teter* to require vacatur of prior judgments not on appeal when the matter became moot. A panel's decision not to extend precedent beyond its holding does not create a conflict with such precedent. The Attorney General has not identified any actual conflict with controlling authority or raised a question of exceptional importance that would merit rehearing en banc. Accordingly, the petition should be firmly denied.

### A. Governing Standard for Rehearing En Banc

Rehearing under Rule 40 is sharply limited. A petition for panel rehearing must identify a point of law or fact that the panel overlooked or misapprehended in deciding the case. Fed. R. App. P. 40. Rehearing en banc is not favored and is reserved for conflicts with controlling authority or questions of exceptional importance.

Courts have repeatedly emphasized that rehearing is not a vehicle to reargue a case or to seek reconsideration of arguments the panel has already considered and rejected. *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962). A petition for rehearing is not a brief on the merits and should not repeat arguments previously made in the briefs or rehearse facts already considered by the Court. *United States v. Molina-Tarazon*, 285 F.3d 807, 808 (9th Cir. 2002). The purpose of a petition for

rehearing is to ensure that the panel properly considered the issues presented, not to invite the Court to revisit its reasoning or reach a different result. *Armster v. U.S. Dist. Court*, 806 F.2d 1347, 1356 (9th Cir. 1986).

Disagreement with the panel's disposition, dissatisfaction with the length of the Court's order, or a party's subjective belief that precedent requires a different outcome does not satisfy Rule 40. Where a petition identifies no overlooked issue and merely seeks a second review of arguments already presented, rehearing is not warranted.

### B. The Petition Fails to Meet the Standard for Panel Rehearing

The petition characterizes the panel's disposition as legal error, a claim that rests on the Attorney General's view that the panel misapplied settled vacatur principles. However, it does not identify any point of law the panel failed to consider or misunderstood. Instead, it asserts that precedent required a different outcome. Disagreement with the panel's application of the law does not establish misapprehension under Rule 40. The rule does not authorize rehearing simply because a party believes the panel applied the law incorrectly or should have extended precedent further than it did. A panel may fully consider an argument and still reject it.

The petition expressly frames rehearing as a mechanism to "correct" what it calls an error in the panel's April 28 dismissal order. Petition, ECF No. 70-1 at 14–

15. But an assertion of error is not the standard for rehearing. FRAP 40 requires a showing that the panel overlooked or misapprehended a point of law or fact. As discussed above, a petition for rehearing is not a brief on the merits and is not intended to provide a vehicle for reargument. *See Molina-Tarazon*, 285 F.3d at 808; Anderson, 300 F.2d at 297. Disagreement with the panel's disposition, even when styled as "error," does not establish misapprehension under Rule 40.

Rather than identifying any overlooked issue, the petition simply repeats the same vacatur and Rule 60(b)(5) arguments the Attorney General raised in his Response to the Jurisdictional Question. ECF No. 62. There, he argued that the Guam Supreme Court's decision in *In re Leon Guerrero*, 2023 Guam 11, did not moot the appeal and instead required vacatur of the district court's injunction. He further argued that dismissal without vacatur was error. ECF No. 62 at 9–13.

To support that position, he relied on many of the same authorities he now cites, including *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994); *Paulson v. City of San Diego*, 475 F.3d 1047 (9th Cir. 2007); *Freedom From Religion Foundation, Inc. v. Abbott*, 58 F.4th 824 (5th Cir. 2023); *California v. EPA*, 978 F.3d 708 (9th Cir. 2020); and *Horne v. Flores*, 557 U.S. 433 (2009). ECF No. 62 at 9–12. He also argued that mootness did not deprive the Court of authority to vacate the injunction and that changed circumstances warranted Rule 60(b)(5) relief. ECF No. 62 at 10–13.

Those arguments were squarely before the panel when it dismissed the appeal as moot. The petition does not identify any factual misunderstanding in the panel's analysis. It does not identify any legal authority the panel failed to consider. Instead, it simply insists that the panel should have agreed with the Attorney General. That contention does not establish misapprehension of fact or law. It reflects disagreement with the panel's disposition, not a failure to consider the arguments presented.

The petition also suggests error based on the length of the panel's dismissal order. *See* Petition, ECF No. 70-1 at 11. But FRAP 40 does not require the panel to explain its reasoning in detail. It asks whether the panel overlooked or misapprehended a point of law or fact. It does not require the panel to address every argument or authority presented by the Attorney General. The April 28 order reflects that the panel dismissed the appeal as moot after reviewing the jurisdictional briefing submitted by the parties. ECF No. 69. The brevity of the order does not imply, let alone establish, that the panel overlooked or misapprehended any issue and therefore does not support panel rehearing.

Reasserting arguments already presented and rejected is not a basis for panel rehearing. Rule 40 does not permit rehearing simply because a party disagrees with the outcome.

## C. The Petition Does Not Identify a Conflict with Controlling Authority or a Question of Exceptional Importance

The petition fares no better under the en banc standard. Rehearing en banc is not favored and is reserved for conflicts with controlling authority or questions of exceptional importance. Fed. R. App. P. 40(b)(2). It is therefore not an error correction mechanism. As this Court has emphasized, en banc rehearing is not designed to review panel decisions for error, but to preserve uniformity and address issues of extraordinary importance. It exists to resolve true conflicts within the Court's precedent. *Hart v. Massanari*, 266 F.3d 1155, 1172–74 (9th Cir. 2001).

Disagreement with a panel's disposition, even when styled as legal error, does not justify en banc review. *Id.* The Attorney General's petition asks the Court to revisit the panel's application of settled mootness and vacatur principles because he contends the panel reached the wrong result. That is not the function of rehearing en banc. *Id.* The petition therefore seeks relief that falls outside the narrow purposes of en banc review under FRAP 40.

The petition asserts that the panel's dismissal order conflicts with this Court's en banc decision in *Teter v. Lopez*, 125 F.4th 1301 (9th Cir. 2025) (en banc), which the Attorney General claims "reminds litigants" of settled precedent in this Circuit vacating district court judgments following mootness on appeal. ECF No. 70-1 at 11-12. The petition's reliance on *Teter* overstates its significance. *Teter* addressed vacatur of a judgment that was then under direct appellate review after the case became moot. It did not announce a new vacatur rule or alter settled circuit practice.

Instead, *Teter* reaffirmed the unremarkable principle that courts ordinarily vacate judgments that are themselves under appellate review when an appeal becomes moot. This principle long predates *Teter* and is reflected in the very authorities the Attorney General relied on in his jurisdictional briefing. Nothing in Teter suggested that mootness transforms collateral post-judgment orders or long-final judgments into decisions subject to mandatory vacatur.

This appeal, by contrast, concerns the denial of Rule 60(b)(5) relief from a decades-old injunction, not the vacatur of a judgment presently before the Court on direct appeal. The petition therefore relies on *Teter* to support a vacatur theory that arises from a materially different procedural posture. Nothing in *Teter* suggests that mootness requires vacatur of judgments not on appeal, collateral orders denying post-judgment relief, or decades old injunctions previously affirmed by this Court.[1]

---

[1] As the Providers explain in their response, none of the authorities cited by the Attorney General apply *Munsingwear* vacatur to a judgment that was previously affirmed on appeal, as opposed to the specific order rendered unreviewable by mootness. *See* Plaintiffs' Response to Petition for Rehearing at 8–9. In fact, in one of the authorities the Attorney General relies on, *Paulson v. City of San Diego*, 475 F.3d 1047, 1048–49 (9th Cir. 2007), this Court expressly declined to vacate a decades old injunction that had already been affirmed on appeal, even though a subsequent order relating to its enforcement was mooted by a change in law. *See id*. Courts likewise have held that repeal of the underlying statute moots an appeal from the denial of Rule 60(b)(5) relief, even where the movant remains subject to a longstanding injunction. *See McCorvey v. Hill*, 385 F.3d 846, 848–50 (5th Cir. 2004). The Governor joins the Providers' analysis.

The petition does not identify a conflict between the April 28 order and *Teter* within the meaning of FRAP 40. It does not point to any legal rule announced in *Teter* that the panel rejected, contradicted, or refused to follow. Instead, it argues that the panel should have applied *Teter* more broadly and vacated the 1990 injunction after dismissing the appeal as moot. A panel's refusal to extend precedent beyond its holding does not create a conflict warranting rehearing en banc. The Attorney General's claim that the panel should have expanded the application of precedent, including *Teter*, is not a conflict at all – it is a disagreement with the panel's exercise of judgment, which does not justify rehearing en banc.

Importantly, the vacatur theory advanced in the petition was already squarely presented to the panel. The Attorney General previously argued that dismissal for mootness required vacatur even in the posture of an appeal from the denial of Rule 60(b)(5) relief. The panel rejected that position by dismissing the appeal as moot without ordering vacatur. Reasserting the same theory, now repackaged with a citation to *Teter*, does not convert the Attorney General's disagreement with the panel's disposition into an intra-circuit conflict.

Nor does the petition present a question of exceptional importance. It asks the Court to revisit the panel's application of settled vacatur principles to the unique procedural history of this case. That request does not implicate the uniformity of this Court's decisions, announce any new legal rule, or justify review by the full Court.

Absent a genuine conflict with controlling authority or an issue of exceptional importance, rehearing en banc is not warranted. Because the petition identifies neither, it fails to satisfy the standard for rehearing en banc under FRAP 40.

The petition does not identify a decision of this Court, the Supreme Court, or another court of appeals that announces a legal rule incompatible with the panel's dismissal order. It identifies no holding that the panel rejected or contradicted. Instead, it argues that precedent should have led the panel to a different result. Disagreement with how a panel applies precedent to a particular case is not a conflict warranting en banc review.

Because the petition does not identify a qualifying conflict with Teter or any other controlling authority, and does not present a question of exceptional importance, it does not satisfy the standard for rehearing en banc under FRAP 40.

### D. The Petition's Rule 60(b)(5) Arguments Do Not Support Rehearing

The petition expressly asks the en banc Court to grant rehearing in order to "address Rule 60(b)(5) relief, mootness, and vacatur." Petition, ECF No. 70-1 at 14–15. That request attempts to convert en banc rehearing into a substitute for merits review, contrary to the limits imposed by FRAP 40. Rehearing en banc is not a mechanism for reaching the merits of issues a panel did not decide. It is reserved for resolving conflicts with controlling authority or questions of exceptional importance. FRAP 40(b)(2). The petition identifies neither.

The petition's reliance on Rule 60(b)(5) does not provide a basis for en banc rehearing. The Attorney General again argues that changed legal circumstances require vacatur of the 1990 injunction. That argument goes to the merits of post judgment relief, not to the standards governing rehearing under FRAP 40.

Rule 60(b)(5) does not create an independent entitlement to rehearing en banc. Nor does it expand the limited role of panel rehearing or rehearing en banc. A petition for rehearing must identify a point of law or fact the panel overlooked or misapprehended. The petition fails to do so. It instead contends that the panel should have reached a different result on the Rule 60(b)(5) motion.

The panel was not required to resolve the merits of Rule 60(b)(5) relief after concluding that the appeal was moot. Once Article III jurisdiction is absent, the Court lacks authority to grant the very relief the petition seeks. The petition identifies no authority requiring a panel to reach the merits of post judgment relief once it determines that Article III jurisdiction is lacking. Disagreement with the panel's jurisdictional disposition does not establish misapprehension under FRAP 40.

Finally, to the extent a response is required to arguments in the petition concerning the merits of vacatur or Rule 60(b)(5) relief, those arguments are addressed fully in the Providers' response to the petition, which the Governor joins. The Governor also incorporates by reference the arguments set forth in her Reply to

the Response to Jurisdictional Question, ECF No. 64. Nothing in the petition warrants revisiting the merits in this procedural posture.

The Attorney General's Rule 60(b)(5) arguments were presented to the panel in the jurisdictional briefing. The panel rejected the premise of those arguments by dismissing the appeal as moot. Reasserting the same Rule 60(b)(5) theory in a rehearing petition does not satisfy the standard for panel rehearing or rehearing en banc.

Because the petition's Rule 60(b)(5) arguments do not identify any overlooked or misapprehended point of law or fact, and do not establish a conflict or question of exceptional importance, they do not support rehearing under FRAP 40.

## IV.   CONCLUSION

The petition does not meet the standard for panel rehearing. It does not meet the standard for rehearing en banc. It asks the Court to reconsider arguments it has already rejected, which FRAP 40 does not allow. For these reasons, the petition should be denied.

//

//

//

*Respectfully submitted* this 19th day of December, 2025 (CHST) (December 18, 2024 (PDT)).

**OFFICE OF THE GOVERNOR OF GUAM**

_/s/ Leslie A. Travis_
**LESLIE A. TRAVIS**
*Attorney for Defendant-Appellee*
Lourdes A. Leon Guerrero, Governor of Guam

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)**

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 3516.
*(Petitions and responses must not exceed 4,200 words)*

**OR**

In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature**                                     **Date** 12/19/25 (CHST)
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11**                                                          *Rev. 12/01/24*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on December 19, 2025 (CHST), using the Appellate Electronic Filing system, which will send notification to all counsel of record registered in the system.

Dated: December 18, 2025


    */s/ Leslie A. Travis*
**LESLIE A. TRAVIS**