# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS, ET AL.,
*Plaintiffs-Appellees*,

v.

DOUGLAS MOYLAN,
*Defendant-Appellant*,

v.

LOURDES LEON GUERRERO, ET AL.,
*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Guam
No. 1:90-cv-13
Hon. Frances Tydingco-Gatewood

## PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Meagan Burrows
Lindsey Kaley
Zoraima Pelaez
Scarlet Kim
Johanna Zacarias
Alexa Kolbi-Molinas
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
mburrows@aclu.org

Vanessa Williams Cruz
WILLIAMS LAW FIRM
204 Hesler Pl. Ste 203B
Hagatna, Guam 96910
(671) 922-5689

Anita P. Arriola
ARRIOLA LAW FIRM,
LLC
259 Martyr Street, Suite 201
Hagatna, Guam 96910
(671) 477-9730

*Counsel for Plaintiffs-Appellees*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ................................................................................1

BACKGROUND ..................................................................................2

ARGUMENT ......................................................................................6

   I.   *Munsingwear* Vacatur Applies Only to the Judgment on
        Appeal and Therefore the Panel Did not Err or Create any
        Conflict in Declining to Vacate the 1990 Injunction....................6

   II.  Repeal of the Ban Eliminated the Requisite Case or
        Controversy Under Article III Therefore the Panel Correctly
        Held the Appeal is Moot and There is No Conflict with This
        Court's Precedent. ......................................................................11

CONCLUSION ..................................................................................16

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Unites for Kids v. Rousseau*,
    985 F.3d 1075 (9th Cir. 2021) ..............................................................................10

*Arizonans for Off. Eng. v. Arizona*,
    520 U.S. 43 (1997) ....................................................................................... 6, 7

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
    941 F.3d 1195 (9th Cir. 2019) ..................................................................... 11, 12

*Bellevue Manor Assocs. v. United States*,
    165 F.3d 1249 (9th Cir. 1999) .....................................................................4

*Bench Billboard Co. v. City of Cincinnati*,
    675 F.3d 974 (6th Cir. 2012) ......................................................................12

*Brooks v. Vassar*,
    462 F.3d 341 (4th Cir. 2006) ......................................................................12

*Burke v. Barnes*,
    479 U.S. 361 (1987) ...................................................................................12

*California ex rel. Becerra v. EPA*,
    978 F.3d 708 (9th Cir. 2020) ..................................................................... 14, 15

*Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*,
    236 F.3d 1174 (10th Cir. 2000) ..................................................................12

*Dobbs v. Jackson Women's Health Org.*,
    142 S. Ct. 2228 (2022) ...............................................................................3

*Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*,
    326 F.3d 924 (7th Cir. 2003) ......................................................................12

*Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*,
    11 F.4th 1266 (11th Cir. 2021) ...................................................................12

*Freedom From Religion Found. v. Abbott*,
    58 F.4th 824 (5th Cir. 2023) ....................................................................9

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,
    776 F. Supp. 1422 (D. Guam 1990) .......................................................2

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,
    962 F.2d 1366 (9th Cir. 1992) .............................................................3, 7

*In re Burrell*,
    415 F.3d 994 (9th Cir. 2005) ...................................................................8

*In re Charlton*,
    708 F.2d 1449 (9th Cir. 1983) .................................................................1

*In re Leon Guerrero*,
    2023 Guam 11 (Guam Oct. 31, 2023) ...................................... 4, 13, 15

*Khodara Env't, Inc. ex rel. Eagle Env't L.P. v. Beckman*,
    237 F.3d 186 (3d Cir. 2001) ..................................................................12

*Kremens v. Bartley*,
    431 U.S. 119 (1977) ..............................................................................12

*Lillbask ex rel. Mauclaire v. Conn. Dep't. of Educ.*,
    397 F.3d 77 (2d Cir. 2005) ...................................................................12

*McCorvey v. Hill*,
    385 F.3d 846 (5th Cir. 2004) ......................................................... 12, 13

*Moylan v. Guerrero*,
    145 S. Ct. 136 (2024).......................................................................5, 13

*Paulson v. City of San Diego*,
    475 F.3d 1047 (9th Cir. 2007) ...........................................................9, 10

*Pitts v. Terrible Herbst, Inc.*,
    653 F.3d 1081 (9th Cir. 2011) ...............................................................11

*Rocky Mountain Farmers Union v. Corey*,
    913 F.3d 940 (9th Cir. 2019) ......................................................... 11, 15

*Roe v. Wade*,
410 U.S. 113 (1973) .............................................................................3

*Santos v. Guam*,
436 F.3d 1051 (9th Cir. 2006) ............................................................5

*SD Voice v. Noem*,
987 F.3d 1186 (8th Cir. 2021) ...........................................................12

*SEIU v. Nat'l Union of Healthcare Workers*,
598 F.3d 1061 (9th Cir. 2010) ...........................................................15

*Teter v. Lopez*,
125 F.4th 1301 (9th Cir. 2025) ............................................................9

*Town of Portsmouth v. Lewis*,
813 F.3d 54 (1st Cir. 2016) ................................................................12

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
513 U.S. 18 (1994) ...................................................................... 6, 8, 9

*United States v. Munsingwear, Inc.*,
340 U.S. 36 (1950) ...............................................................................7

*United States v. Sanchez-Gomez*,
584 U.S. 381 (2018) ...........................................................................11

*United States v. Tapia-Marquez*,
361 F.3d 535 (9th Cir. 2004) ...............................................................6

## Statutes

Pub. L. No. 108-378 § 2 .........................................................................5

## Rules

Fed. R. App. P. 40(b) .........................................................................1, 14

Fed. R. Civ. P. 60(b)(5)......................................................................3, 10

iv

# INTRODUCTION[1]

Pursuant to this Court's November 28, 2025 order, Plaintiffs-Appellees ("the Providers") hereby respond to Appellant's petition for panel rehearing and rehearing *en banc*. *See* Pet. for Reh'g, ECF No. 70 (hereinafter "AG Br."). The petition should be denied because this case fails to satisfy the standards for rehearing or *en banc* review. *See* Fed. R. App. P. 40(b)(1)-(2).

To start, the panel did not err or create any conflict with the decisions of the Supreme Court, this Court, or any other Circuit in declining to apply *Munsingwear* vacatur to an injunction, issued in 1990, that was appealed and affirmed by this Court more than three decades ago. As set forth more fully below, the equitable remedy of *Munsingwear* vacatur, to the extent it applies at all, applies *only* to "the judgment *appealed from*." *In re Charlton*, 708 F.2d 1449, 1452 (9th Cir. 1983). Here, the only judgment on appeal was the March 24, 2023 order denying Appellant's Rule 60(b)(5) motion—the underlying 1990 injunction that was the subject of that Rule 60(b)(5) motion was *not* on appeal. Thus, contrary to Appellant's argument, *Munsingwear* does not apply and the panel's failure to lift the 1990 injunction does not warrant rehearing or *en banc* review.

---

[1] Unless otherwise noted, all emphasis is added and all internal quotation marks and citations are omitted.

Appellant's alternative claim that the appeal is not moot because he remains injured by what he otherwise characterizes as a "meaningless" injunction fares no better. The panel's dismissal of the appeal of the denial of the Rule 60(b)(5) motion is fully consistent with precedent of the Supreme Court, this Court, and every other Circuit instructing that no live controversy remains for the purposes of Article III, and a case is thus moot and must be dismissed, where, as here, the statute at the heart of that controversy has been repealed.

Accordingly, because Appellant has identified no error in or conflict created by the panel's order and has failed to identify any question of exceptional importance that would otherwise justify *en banc* review, his petition should be denied.

## BACKGROUND

On March 19, 1990, then-Guam Governor Ada signed into law Public Law 20-134 ("the Ban"), criminalizing essentially all abortion care in Guam. The original plaintiffs challenged the Ban on March 23, 1990. SER-003-022. On August 23, 1990, the District Court entered summary judgment and permanently enjoined enforcement of the Ban. *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 776 F. Supp. 1422, 1431 (D. Guam 1990), *aff'd*, 962 F.2d 1366 (9th Cir. 1992), *as amended* (June 8, 1992). Governor Ada appealed, and this Court affirmed the district court's judgment. *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 962 F.2d

1366, 1369, 1374 (9th Cir. 1992), *as amended* (June 8, 1992), *cert. denied*, 506 U.S. 1011 (1992). The case was then closed and sat undisturbed for decades.

On June 24, 2022, the Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), overturning *Roe v. Wade*, 410 U.S. 113 (1973). On January 23, 2023, over a week before Appellant filed the motion at issue here, Guam Governor Lourdes A. Leon Guerrero filed an action in the Guam Supreme Court pursuant to 7 Guam Code Ann. § 4104, seeking a declaratory judgment that, *inter alia*, the Ban had been impliedly repealed by subsequent acts of the Guam Legislature. *See* Req. for Declaratory J. at 18, *In re Request of Lourdes A. Leon Guerrero*, 2023 Guam 11 (Guam October 31, 2023) (No. CRQ23-001).

On February 1, 2023, Appellant, citing *Dobbs*, moved pursuant to Federal Rule of Civil Procedure 60(b)(5) to dissolve the 1990 permanent injunction on the basis that applying it prospectively would be inequitable. 2-ER-247–50; 2-ER-233–46; Fed. R. Civ. P. 60(b)(5) (a "court *may* relieve a party or its legal representative from a final judgment, order, or proceeding" in limited circumstances, including when "applying [the judgment] prospectively is no longer equitable"). The Providers opposed, explaining in substantial detail why the Attorney General was not entitled to relief because he could not sustain his heavy burden under Rule 60(b)(5) of showing that (1) there had been "a significant change in facts or law [that] *warrant[ed] revision* of the decree," and (2) "the proposed modification [was]

suitably tailored to the changed circumstance." 2-ER-076 (quoting *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999)); 2-ER-062–102.[2] On March 24, 2023, the federal District Court of Guam denied Appellant's Rule 60(b)(5) motion, holding that Appellant had failed to meet his burden under Rule 60(b)(5) of establishing that the changed circumstances wrought by *Dobbs* warranted dissolving the injunction in its entirety. 1-ER-002–005.

Appellant filed his notice of appeal from that order—the only order on appeal before this Court—on April 20, 2023. 3-ER-481–84. On October 31, 2023, before the present appeal was fully briefed, the Guam Supreme Court issued its ruling in the Governor's case, holding that the Ban had been impliedly repealed by subsequent acts of the Guam Legislature and therefore "no longer possesses any force or effect in Guam." *In re Leon Guerrero*, 2023 Guam 11 ¶¶ 55, 61. The Providers then filed a Rule 28(j) letter informing this Court of the Guam Supreme Court's decision, explaining that said decision rendered Appellant's Rule 60(b)(5) motion moot and therefore required dismissal of his appeal. ECF No. 38. Appellant did not respond, but sought a stay of proceedings in this appeal while he sought review of the Guam

---

[2] As the Providers explained, Appellant's "proposed modification" of lifting the entire injunction would not have been suitably tailored to any changed circumstances wrought by *Dobbs* given the Ban's ongoing constitutional infirmities unrelated to and unaffected by that case, including the criminalization of protected speech. 2-ER-085–100.

Supreme Court's decision in the United States Supreme Court.[3] *See* ECF Nos. 47–53. On October 7, 2024, the United States Supreme Court denied Appellant's petition for a writ of certiorari. *See Moylan v. Guerrero*, 145 S. Ct. 136 (Mem), No. 23-828 (Oct. 7, 2024).

On November 7, 2024, this Court ordered Appellant to file a brief "explain[ing] why this court should not dismiss this appeal as moot," and Appellees to file a response thereafter. ECF No. 61 at 2. The parties filed their briefs as to mootness, each also addressing the propriety of vacatur. *See* ECF Nos. 62–64. As here, Appellant requested *Munsingwear* vacatur of the 1990 injunction *only*; he did not seek vacatur of the denial of his Rule 60(b)(5) motion, the order actually on appeal. *See* ECF No. 62.

On April 28, 2025, the panel dismissed the appeal from the Rule 60(b)(5) denial "as moot in light of *In Re Leon Guerrero*, 2023 Guam 11 (Guam Oct. 31, 2023)." ECF No. 69. The panel did not take up Appellant's request to vacate the 1990 permanent injunction. *Id.* On May 12, 2025, Appellant filed the present petition for panel rehearing and rehearing *en banc*. *See* AG Br. The Providers hereby submit the requested response to that petition. *See* ECF No. 71.

---

[3] In 2004, Congress amended 48 U.S.C. § 1424–2 to strip this Court of any jurisdiction to review final decisions of the Guam Supreme Court. *See generally Santos v. Guam*, 436 F.3d 1051 (9th Cir. 2006); Act of Oct. 30, 2004, Pub. L. No. 108-378 § 2.

# ARGUMENT

I. ***Munsingwear* Vacatur Applies Only to the Judgment on Appeal and Therefore the Panel Did not Err or Create any Conflict in Declining to Vacate the 1990 Injunction.**

Appellant primarily contends that panel rehearing or *en banc* review is necessary because the panel's refusal to lift the 1990 injunction was erroneous and conflicts with prevailing Supreme Court and Ninth Circuit precedent applying *Munsingwear*. *See* AG Br. 1, 5–13. This argument misses the mark entirely. The animating purpose of *Munsingwear* vacatur is to "clear[] the path for future relitigation of the issues between the parties" by "eliminat[ing] a judgment, review of which was prevented through happenstance." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–23 (1994); *see also Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997) (purpose of *Munsingwear* vacatur is to "clear[] the path for future relitigation by eliminating a judgment the loser was stopped from opposing on direct review"); *United States v. Tapia-Marquez*, 361 F.3d 535, 538 (9th Cir. 2004) ("The purpose underlying the vacatur rule in *Munsingwear* is to deny preclusive effect to a ruling that, due to mootness, was never subjected to meaningful appellate review."). However, *Munsingwear* vacatur does not reverse the outcome of the proceedings below; if a case is mooted on appeal, the losing party below does not suddenly become the winner. Instead, *Munsingwear* vacatur merely ensures that if the opportunity to relitigate and/or appeal presents itself again, the previous loser

is starting from a clean slate and is not precluded by a judgment that he was deprived

review of due to mootness. As such, if Appellant was entitled to *Munsingwear*

vacatur at all, which he is not,[4] it would be to vacatur of the district court decision

that was on appeal—namely, the decision holding that the criteria for Rule 60(b)(5)

relief were not met—thereby eliminating any purported preclusive effect that

holding might have in the future. ***That*** is the decision Appellant was "stopped from

opposing on direct review," *Arizona*, 520 U.S. at 71, by virtue of the Guam Supreme

Court's ruling—***not*** the 1990 injunction. Quite the opposite, appeal of the 1990

injunction was taken (and exhausted) over three decades ago. *See Guam Soc'y of*

*Obstetricians & Gynecologists*, 962 F.2d 1366, *cert. denied*, 506 U.S. 1011 (1992).

But as indicated by the nature of his request, Appellant is not seeking to

invoke *Munsingwear* for its actual purpose—to clear a path to relitigate his Rule

60(b)(5) motion in the future. In asking this Court to lift the underlying 1990

injunction instead, he is seeking a windfall: the effective *reversal* of the district court

decision denying the Rule 60(b)(5) motion altogether, which he has misleadingly re-

packaged as a routine application of *Munsingwear* vacatur. *See, e.g.*, AG Br. 7–8,

11. However, as explained below, the repeal of the Ban has rendered this appeal

---

[4] As noted above, Appellant never sought vacatur of the order denying his Rule 60(b)(5) motion—he has therefore waived any such request. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40–41 (1950) (holding that a party can waive its right to vacatur of a lower-court order that becomes moot on appeal).

moot, and *Munsingwear* vacatur is not an exception to mootness itself. *See generally*

*Bancorp*, 513 U.S. at 21 (explaining that "[i]f a judgment has become moot [while

awaiting review]" an appellate court "*may not consider its merits*"); *see also In re

Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) (identifying mootness exceptions). In

other words, *Munsingwear* vacatur is not a backdoor means to obtain the very relief

that mootness has stripped this Court of its jurisdiction to grant: lifting the 1990

injunction pursuant to Rule 60(b)(5). *See also infra* Section II. To hold otherwise

would plainly contradict decades of Supreme Court and Ninth Circuit precedent

applying *Munsingwear*.

Indeed, none of the cases Appellant cites even suggest the panel erred, let

alone created a conflict. Notably, Appellant cites no case—and the Providers are

aware of none—where an appellate court has, pursuant to *Munsingwear*, vacated an

injunction that was already affirmed on appeal when a Rule 60(b)(5) motion seeking

relief from that judgment was rendered moot. Rather, the sources cited in

Appellant's petition uniformly—and properly—apply *Munsingwear* vacatur *only* to

the specific judgment that was still on appeal when the case became moot and thus

was unable to be reviewed. *See* AG Br. 5–6; 9–10; 12–13 (citing cases). The

application of *Munsingwear* vacatur in all these cases comports with the rationale

animating the doctrine: that a party should not be bound by the reasoning in a

decision that they were unable to challenge on appeal when a case becomes moot

before appellate review can occur. *See, e.g.*, *Bancorp*, 513 U.S. at 22–23; *see also, e.g.*, *Teter v. Lopez*, 125 F.4th 1301, 1304, 1309 (9th Cir. 2025) (en banc) (vacating judgment on appeal, *en banc* review of which was prevented due to mootness, pursuant to *Munsingwear*); *Freedom From Religion Found. v. Abbott*, 58 F.4th 824, 831, 836–38 (5th Cir. 2023) (vacating injunction on appeal, pursuant to *Munsingwear*, where repeal of rule upon which injunction was based rendered case moot, thwarting appellate review).[5]

In fact, in one such case—*Paulson v. City of San Diego*, 475 F.3d 1047, 1048–49 (9th Cir. 2007)—this Court expressly declined to vacate a decades-old permanent injunction where, similar to here, it was not the decision granting the injunction itself, but a subsequent order relating to its enforcement, that was mooted on appeal by a change in the law. *See, e.g.*, AG Br. 6. As this Court explained, applying *Munsingwear* to the original injunction in addition to the order of enforcement was "inappropriate" because "[t]he controversy presented for review was *only* whether the district court abused its discretion in ordering the *enforcement* of the injunction"

---

[5] Appellant's claim that equity requires vacatur because he did not cause the mootness, AG Br. 6, 10, similarly rests on inapposite precedent. To be sure, considerations of relative fault in mooting a dispute are relevant to the *Munsingwear* inquiry. But, again, Appellant is not actually seeking *Munsingwear* vacatur of the judgment that mootness arguably deprived him review of—he is asking this Court to effectively grant his Rule 60(b)(5) motion and vacate the 1990 injunction, even though the motion is now moot. *See also infra* Section II. *That* request is not subject to the dictates of *Munsingwear*, and thus the "equities" he appeals to are irrelevant.

and "the original issuance of the 1991 injunction itself was previously upheld on appeal." *Paulson*, 475 F.3d at 1049. Thus, notwithstanding that the change in law had eliminated the basis for the 1991 injunction, vacatur was inappropriate because it was not the order on appeal.[6] The same reasoning applies here and precludes the relief Appellant requests.

In short, contrary to what Appellant suggests, *Munsingwear* vacatur does not provide an end-run around the rigorous requirements of Rule 60(b)(5) by guaranteeing relief from judgment as a matter of course, as opposed to only where the movant has satisfied his heavy burden of establishing that such change makes "applying [the injunction] prospectively [] no longer equitable."[7] Fed. R. Civ. P. 60(b)(5); *cf. Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1097 (9th Cir. 2021) ("A district court's authority to modify an injunction is more limited than its authority to formulate an injunction in the first instance because of the additional interest in the finality of judgments."). Because *Munsingwear* vacatur is manifestly inapplicable to the 1990 injunction—an order that Appellant was not deprived

---

[6] Appellant's assertion that *but for* the "affirmative" nature of the order "to enforce" the injunction in *Paulson*, this Court would have vacated the underlying injunction, AG Br. 11, is unsupported and flatly belied by the language of the decision itself.

[7] While Appellant complains that, absent vacatur, he will "remain[] forever bound by an unreviewable injunction," AG Br. 7, the 1990 injunction *was reviewed* by this Court, and this case is moot precisely because there is no Ban left to enforce, leaving Appellant "bound" only from doing what it is otherwise impossible to do. *See infra* Section II.

review of but was already appealed and affirmed by this Court decades ago—the panel correctly declined to apply it and rehearing is unwarranted.

## II. Repeal of the Ban Eliminated the Requisite Case or Controversy Under Article III Therefore the Panel Correctly Held the Appeal is Moot and There is No Conflict with This Court's Precedent.

Appellant alternatively seeks *en banc* review, and review of the merits of his Rule 60(b)(5) motion, on the grounds that his appeal is not moot. AG Br. 2, 5, 8–9, 11. But this argument flies in the face of Article III and mootness doctrine and finds no support in the two cases Appellant cites in his effort to manufacture a case or controversy—and a Rule 40(b)(2) conflict—where none exists.

The law is clear: "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at *all* stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). "A case that becomes moot at *any* point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III[] and is [therefore] outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018).

As the Supreme Court and this Court have "repeatedly" recognized, "a case is moot when the challenged statute is repealed" because "there is nothing left of a challenged law" to warrant judicial action, *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019), and thus "[n]o live controversy remains," *Bd. of*

*Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019);[8] *accord Burke v. Barnes*, 479 U.S. 361, 363 (1987) (challenge to the validity of a statute that "expired by its own terms" was no different from a challenge to a repealed statute and thus moot); *Kremens v. Bartley*, 431 U.S. 119, 128–29 (1977) (repeal of challenged law mooted plaintiffs' claims).[9]

This principle applies with particular force in the Rule 60(b)(5) context, where the movant seeks to invoke a limited exception to the rule of finality to obtain relief from judgment in a closed case. For example, in *McCorvey v. Hill*—a case that bears striking resemblance to this one—the Fifth Circuit dismissed an appeal from a denial of a Rule 60(b)(5) motion as moot upon concluding that the underlying statutes at issue, which had been declared unconstitutional thirty years prior, had since been

---

[8] While this Court has recognized an exception to mootness where "there is a reasonable expectation"—founded in the record—"that the legislative body is likely to enact the same or substantially similar legislation in the future," *Chambers*, 941 F.3d at 1197, that exception does not apply to the instant case.

[9] *See also Town of Portsmouth v. Lewis*, 813 F.3d 54, 58–59 (1st Cir. 2016) (same); *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 91 (2d Cir. 2005) (same); *Khodara Env't, Inc. ex rel. Eagle Env't L.P. v. Beckman*, 237 F.3d 186, 194 (3d Cir. 2001) (same); *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006) (same); *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) (same); *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) (same); *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2003) (same); *SD Voice v. Noem*, 987 F.3d 1186, 1188–90 (8th Cir. 2021) (same); *Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (same); *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 11 F.4th 1266, 1283–85 (11th Cir. 2021) (same).

impliedly repealed. 385 F.3d at 848–50. The court began by recognizing its "independent obligation" to assess whether an appellant "has presented a justiciable case or controversy pursuant to Article III" and emphasized that a controversy must remain "live" throughout the *entire* litigation, including the pendency of any appeal. *Id.* at 848. The court then concluded that because the challenged statutes had been impliedly repealed since the entry of final judgment, and because it is well-established that "[s]uits regarding the constitutionality of statutes become moot once the statute is repealed," the appellant's Rule 60(b)(5) motion was moot, requiring dismissal of the appeal. *Id*. at 849.[10]

The panel correctly reached the same outcome here. Just as in *McCorvey*, Appellant moved under Rule 60(b)(5) to vacate a decades-old final judgment so that the Ban could be enforced. *See, e.g.*, ECF No. 15 (seeking vacatur to "let the Territory of Guam enforce its own abortion laws"). But, just as in *McCorvey*, that law has since been repealed. *In re Leon Guerrero*, 2023 Guam 11 ¶¶ 8, 61, *cert denied*, 145 S. Ct. 136 (Mem), No. 23-828 (Oct. 7, 2024). And, thus, just as in *McCorvey*, "[a] judicial decision in [Appellant's] favor cannot turn back [Guam's] legislative clock to reinstate the [Ban], no longer effective, that formerly criminalized abortion." *McCorvey*, 385 F.3d at 850 (Jones, J., concurring).

---

[10] Notably, the Fifth Circuit *did not* vacate the final judgment that McCorvey's Rule 60(b)(5) motion sought review of in dismissing the appeal as moot.

Tellingly, Appellant does not contend with *McCorvey* or its reasoning. Nor does he cite any other Rule 60(b)(5) case—nor are the Providers aware of any—where a court has found an exception to mootness on the grounds that a "meaningless" injunction against a non-existent law "necessarily" inflicts ongoing injury and sustains an Article III case or controversy. AG Br. 8–9, 11. The sole cases he does cite are inapposite and do nothing to undermine the correctness of the panel opinion or create a conflict with this Court's precedent. Fed. R. App. P. 40(b)(1)-(2).

To start, *California by & through Becerra v. EPA*, 978 F.3d 708 (9th Cir. 2020), AG Br. 1, 11, does not concern mootness at all. In *Becerra*, the EPA was subject to an injunction requiring it to promulgate certain guidelines within six months because the agency missed a deadline set by its own prior regulations. *Becerra*, 978 F.3d at 711. However, when new regulations established a later regulatory timeline, thereby eliminating the legal basis for the existing injunction, the EPA sought to modify that injunction to align with the new deadline. *Id.* In ordering the district court to grant that request, this Court concluded that requiring the EPA to abide by the earlier, now-defunct regulatory deadline, as opposed to the later, new one that had replaced it, inflicted harm. *Id.* at 717.

The same cannot be said here, where, by contrast, the underlying law has not merely been amended; it has been repealed altogether. Thus, unlike in *Becerra*,

where the question of mootness did not even arise given the existence of an ongoing, albeit modified, legal obligation, this case is moot. Moreover, in *Becerra*, the "harm" that this Court recognized as being inflicted on the EPA arose by virtue of the continuance of a *mandatory* injunction that would have forced the EPA to take affirmative action in promulgating a federal plan by a specified deadline that was no longer supported by any legal basis. *Id.* That is a far cry from the situation here, where Appellant suffers no harm in being blocked from enforcing a repealed law.

*SEIU v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061 (9th Cir. 2010), AG Br. 9, 11, is similarly inapposite. There, this Court refused to dismiss the appeal of a TRO as moot because "the district court explicitly preserved a portion of the TRO" imposing affirmative obligations on appellants "as still effective after the issuance of [a superseding] injunction," and thus this Court remained able to provide effective relief from that portion. 598 F.3d at 1068. Again, by contrast, the total repeal of the Ban leaves no room for Appellant to credibly claim harm from an over three-decade-old injunction that merely purports to stop him from enforcing a law that otherwise has no "force or effect." *In re Leon Guerrero*, 2023 Guam 11 ¶ 61.

In sum, because "there is nothing left of [the Ban] . . . further judicial action would necessarily be advisory and in violation of the limitations of Article III" and the appeal in this case was therefore properly dismissed as moot. *Rocky Mountain*, 913 F.3d at 949.

## **CONCLUSION**

For the forgoing reasons, the Providers respectfully request that this Court deny Appellant's petition for panel rehearing and rehearing *en banc* and reject his request to vacate the 1990 injunction.[11]

Dated: December 16, 2025

<div style="margin-left:50%">

Respectfully submitted,

*/s/ Meagan Burrows*
Meagan Burrows
Lindsey Kaley
Zoraima Pelaez
Scarlet Kim
Johanna Zacarias
Alexa Kolbi-Molinas
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2633
mburrows@aclu.org
lkaley@aclu.org
zpelaez@aclu.org
scarletk@aclu.org
jzacarias@aclu.org
akolbi-molinas@aclu.org

Vanessa Williams Cruz
WILLIAMS LAW FIRM

</div>

---

[11] However, in the event this Court concludes that the appeal is not moot, and *en banc* review of the merits is warranted, the Providers request further briefing to address the impact of the Guam Supreme Court's decision on Appellant's ability to satisfy his burden under Rule 60(b)(5).

204 Hesler Pl. Ste 203B
Hagatna, Guam 96910
vlw@vlwilliamslaw.com

Anita P. Arriola
ARRIOLA LAW FIRM, LLC
259 Martyr Street, Suite 201
Hagatna, Guam 96910
(671) 477-9730
aarriola@arriolafirm.com

*Counsel for Plaintiffs-Appellees*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form11instructions.pdf

**9th Cir. Case Number(s)** 23-15602

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel

rehearing/petition for rehearing en banc/response to petition is *(select one)*:

⦿ Prepared in a format, typeface, and type style that complies with Fed. R. App. P.
32(a)(4)-(6) and **contains the following number of words:** 4,054 .
*(Petitions and responses must not exceed 4,200 words)*

**OR**

◯ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** s/Meagan Burrows    **Date** 12/16/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11**                                                    *Rev. 12/01/24*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on December 16, 2025, using the Appellate Electronic Filing system, which will send notification to all counsel of record registered in the system.


Dated: December 16, 2025                    */s/ Meagan Burrows*
                                            Meagan Burrows